[PHILADELPHIA, APRIL 16, 1835.]

## WILLING *against* PEROT.

### Same *against* Same.

*A.* a resident of Calcutta died, possessed of a considerable amount in the American funds, which he bequeathed specifically to his sons upon various trusts.

*Held,* That a local administrator *cum testamento annexo, durante absentiâ,* was entitled to the fund, in preference to those claiming under the foreign executor.

THE first of these actions was *trover* for two certificates of United States three per cent. stock : brought by *Richard Willing,* administrator *cum testamento annexo* of *Sarkies Ter Johannes,* against *Elliston & John Perot,* in which a verdict was entered for the plaintiff for one hundred and eighteen thousand dollars damages, subject to the opinion of the court on the whole evidence.

The other was assumpsit to recover dividends received by the defendants on said stock in which a similar verdict was entered for the plaintiff for twelve thousand and fifty-one dollars and ninety-three cents.

The case appeared to be this.

*Sarkies Ter Johannes,* a resident of Calcutta, died on the 16th August, 1812, being the holder of a considerable amount of three per cent. stock of the United States.   By his last will dated the 24th February, 1812, he bequeathed this stock specifically to his sons *Johannes, Carapiet, Bectan* and *Marterose Sarkies* in trust, after a period of ten years from his decease to transfer the same to his said sons, with limitations of survivorship in case of death without issue, which it is unnecessary here to mention : and appointed his widow and his said sons his executors.

The executors by letters of attorney dated the 18th November, 1812, authorised *Elliston & John Perot* of Philadelphia to receive the dividends of the United States stock.

*Marterose Sarkies* died on the 15th April, 1814, and *Johannes Sarkies* on the 27th December, 1816.

On the 28th March, 1817, *Carapiet* and *Bectan Sarkies* assigned all their stock in trade and personal effects to *Alexander Colvin, Henry Mathew* and *Aviet Agabeg* in trust to pay creditors.   The assignees by letter of attorney of the 8th May, 1817, appointed the Messieurs *Perot* their attorneys.   *Carapiet Sarkies* died on the 30th November, 1817.

On the 23d September, 1817, *William Fairlie* and others, creditors of *Johannes Sarkies* and company, issued a foreign attachment in this court, and attached the dividends of stock in the hands of the defendants as garnishees.

*Bectan Sarkies* being now the only surviving son and trustee under his father's will, on the 11th January, 1819, assigned to *Fairlie Bonham* and company, of London, and *Fairlie Fergusson* and

(Willing *v.* Perot.)

company of Calcutta, his interest in the American funds under his father's will in trust to pay themselves debts due them by said *Bectan Sarkies:* and on the following day appointed *Fairlie, Bonham* and company, trustees under a power in the will of his father ; and by letter of attorney of the 13th January, 1819, authorised them to receive the interest or proceeds of said stock during ten years from his father's death and to apply the same as the will directed ; and after the expiration of that period, to make over and assign the stock in the manner directed by the will.

*Fairlie, Bonham* and Company, on the 25th January, 1820, substituted Messieurs *Folwell & Comly* of Philadelphia as their attorneys to receive the dividends on the stock.

On the 25th October, 1822, *Bectan Sarkies,* as surviving executor and trustee, under the will of *Sarkies Ter Johannes,* revoked all powers of attorney theretofore made by him as such executor and trustee, and appointed *Aviet Agabeg* of Calcutta his attorney under the will, who substituted the Messrs. *Perot.*

On the 19th February, 1826, *Bectan Sarkies* as surviving executor and trustee aforesaid, constituted *Aviet Agabeg* his attorney with power of substitution, to prove the will, take out letters of administration in America, &c., and to sell and transfer all or any part of the three per cent. stock of the United States standing in the name of *Sarkies Ter Johannes. Agabeg* on the 23d February, 1826, substituted Mr. *Willing* under this power.

Letters of administration, *cum testamento annexo, durante absentia* to the estate of *Sarkies Ter Johannes,* were granted to *Richard Willing* the plaintiff, by the Register of Wills for the city and county of Philadelphia, on the 14th December, 1826.

By virtue of this administration, the plaintiff claimed to recover the stock with its increase in the hands of the defendants. Defence was taken by *Fairlie & Company* who claimed under the assignment to them by *Bectan Sarkies* of the 11th January, 1819.

It was argued by *Cadwalader* and *J. R. Ingersoll,* for the plaintiff; and by

*Brashears* and *Sergeant,* for the defendants.

PER CURIAM.—The principle of this case was settled in *Brodie* v. *Bickley,* 2 *Rawle,* 431. The contest is, in fact, between a local administrator and the representatives of the executor at Calcutta, who set up his title as a defence to an action against a third party in possession of the assets. In any other community than one which has heretofore suffered an action to be maintained on a foreign grant of administration, the question would not bear a moment's consideration. But the maintenance of such an action here, could have respect but to cases where there is no local administrator ; for it certainly was not intended to postpone his title to one derived from any foreign authority whatever. Any other construction

(Willing *v.* Perot.) ,

would put the domestic creditors in the power of foreign agents and foreign laws, whose disposition of the assets might be less favourable to them; and the duty payable to the state under the collateral inheritance law, would be evaded altogether.   No foreign power can step between the administrator and the assets.   They must be collected and administered in the first instance, to satisfy domestic charges, and afterwards distributed, or, should circumstances require it, remitted to the foreign executor to answer the same purpose there.   But he can obtain them only from the local administrator, into whose hands they must go in the first instance; and the defence made here is therefore not to be sustained.

Judgment for plaintiff.