J. H. Palmer & Co. *v.* Benjamin Horner & Co.

A factor in accepting a consignment, is bound to comply with the conditions imposed upon him by his principal in relation to the appropriation of the proceeds.

APPEAL from the Second District Court of New Orleans, *Lea,* J.
*Bayne,* for plaintiffs. *Elmore,* for *J. T. Hardee & Co.,* garnishees and appellants.

Voorhies, J. This is an attachment suit on a promissory note executed by *Benjamin Horner & Co.,* non-residents, in favor of the plaintiffs, for the sum of $1293 29.

*John T. Hardee & Co.,* cited as garnishees, are appellants from a judgment rendered against them in favor of the plaintiffs for the sum of $471 65, with interest from the date thereof.

On the 16th of January, 1855, the defendants consigned to the garnishees 21 bales of cotton, accompanied with a letter of instructions, directing the appropriation of the proceeds thereof. The only portion of that letter bearing on the subject matter in controversy, is as follows, to wit :

"Enclosed, you have a bill of lading for 21 bales of cotton, which you will please receive and sell. I shall have some more soon, but at present was not ready. Please pay over to *J. H. Palmer & Co.,* $600 00 of the proceeds."

In their answers to the plaintiffs' interrogatories, the garnishees admit the receipt of the cotton and letter of instructions. They say : " We hold no property of any kind belonging to *Ben. Horner & Co.* We have a cash credit of $481 65, it being proceeds of said 21 bales of cotton above referred to, after deducting all immediate cash advances to said *Ben. Horner & Co.,* and on which credit we have a lien for advances in shape of acceptances now current." These advances are stated by them to amount to upwards of $1800, and to mature in the months of April and May, 1855, in consideration of which the defendants had obligated themselves to ship to them, at the earliest date practicable, all the cotton they raised, purchased, or could otherwise control, the garnishees first to retain a sufficient sum to cover all liabilities incurred by them on their account.

Upon this simple statement of facts, the judgment of the court below appears to us to be perfectly correct. The right of a consignor to direct the appropriation of the proceeds of his property, is a proposition which must be considered incontrovertible. We consider it well settled under our jurisprudence, that a factor, in accepting a consignment, is bound to comply with the conditions imposed upon him by his principal in relation to the appropriation of the proceeds. See 4 R., 440 ; 1 A., 393 ; 2 A., 573. The present case is clearly distinguishable in principle from those of *Turpin* v. *Reynolds,* 14 L., 473 ; *Powell* v. *Aikin,* 18 L., 328, and *Lambeth* v. *Turnbull,* 5 R., 264, quoted by the appellants.

It is therefore ordered and decreed, that the judgment of the court below be affirmed, with costs.