The Chief Justice, having been of counsel for Mr. Boylston, did not sit in the cause, and the opinion of the rest of the Court was ."elivered by
Sedgwick, J.
This action is brought before the Court by appeal from the Court of Probate in this county.
Thomas Boylston, formerly of Boston, removed from hence to London several years before his death. There he lived, made his will, and died. Administration, after his death, was granted by the archbishop of Canterbury to the respondent, with the will annexed. Since that time he has, conformably to the act of June 29, 1785, for “ filing and recording wills, proved without this government,” &lc., filed and recorded the will in the probate office of this county. The selectmen, claiming for their town as residuary legatees, have brought the respondent into the Probate Court, to disclose, by answers to interrogatories, the estate of the testator in his hands; and he having declined answering as to effects' which he received in England, and for which he thinks he is bound to answer and account only in the courts of that country, the question for us now to decide is, whether he is bound to make such disclosure.
This question has been argued very much at large, and with great ability. We have very seriously considered the subject, and are all of opinion that the right of the appellants to a disclosure, and the extent to which that disclosure shall go, depend exclusively on the construction of our statute.
The first section of the statute enacts — “ That where the copy of any will which has been proved and allowed in any Probate Court in any of the United States, or in any foreign state or kingdom, shall be directed to be filed and recorded fin any Probate Court in this government, pursuant to this act, the filing and recording *354 thereof shall be of the same force and effect as the filing [ *398 ] and recording of an original will proved *and allowed in the same Court of Probate ; and the said judge may thereupon proceed to take bonds of the executor, or grant administration of the said testator’s estate lying in this government., with the will annexed, and settle the said estate in the same way and manner as by law he may or can upon the estates of testators whose wills have been duly proved before him.”
The judge of probate has in this case proceeded, and in all similar cases must proceed, according to the powers which are delegated to him by this statute. He can exercise no othei powers. He has granted to the respondent administration on,-the estate of Thomas Boylston, lying in this government, with the will annexed. All the authority, then, given to the administrator, is over the estate lying in this government. The judge is to settle the said estate. What estate ? Clearly, I think, the estate lying in this government. And it will neither consist with the intention of the legislature, nor the purposes of justice, because the administrator, with the will annexed, is here, to proceed upon the fiction that, by his relation to the testator in the same capacity in England, we ought to consider all the assets possessed by him there as the estate of the testator-lying in this government; because the estate by the statute subjected to the control of the Court of Probate, and to be settled by it, was that which was lying here before granting the letters of administration. To that, and to that only, do the words, and, as I think, the meaning of the legislature extend.
The argument from the inconveniences of admitting the con struction for which the counsel for the appellants have contended is strong and irresistible. It may reasonably be presumed that the largest part of the testator’s estate lies in the country where the original administration is granted ; and that there also is the greatest portion of claims upon it. For what purpose of utility is the property to be transported to a distant region, and those to whom it belongs compelled to follow it, for the satisfaction of their demands ? The expense and trouble of such a procedure, while wholly unnecessary, could not fail to be considerable.
[ * 394 ] * Suppose an English merchant of great property and extensive dealings to have been the testator; suppose this property to be principally in England, but portions of it to be left in several foreign countries, and that the administrator appointed there goes to collect it, and seeks the aid of the foreign governments for that purpose ; and they, under pretence of giving this aid, claim an authority of drawing within their jurisdiction all the personal property of the testator, and all those who have demands *355 apon it, or are interested in it. All these governments are independent of each other; and what is to establish a right of precedence ? The commencement of a prosecution ? How is this to be known Í How are the other authorities to be controlled ? If this is to be the construction, who will become bound for the administrator ? By what means can the liability of the administrator and his sureties be known ? In terms they only guaranty the settlement of the estate lying within the commonwealth; but in effect, if this construction be admitted, estate lying in every part of the globe. It is, in our opinion, impossible that such could have been the intention of the legislature. There are innumerable other inconveniences, which might be, but which it is unnecessary should be, pointed out. (a)
Morton and Dexter for the appellants.
Otis and C. Jackson for the appellee.

Decree affirmed.

 Richards vs. Dutch & Al. 8 Mass. Rep. 506. — Dawes vs. Boylston, 9 Mass. Rep. 337. — Selectmen of Boston vs. Boylston, 4 Mass. Rep. 318. — Stevens vs. Gaylord, 11 Mass. Rep. 256. — Dawes vs. Head & Al. 3 Pick. 128. — Harvey vs. Richards, 1 Mass Rep. 381.— Decouche vs. Savetier, 3 Johns. C. C. 190.