[Philadelphia, March 27, 1830.]

BRODIE, Administrator of LIGHTFOOT, *against* BICKLEY, Administrator *de bonis non* of POLGREEN.

Debt will not lie against an administrator here, on a judgment against a foreign administrator of the same intestate.

This action, which was debt on a judgment, obtained in the island of *Barbadoes,* by the plaintiff's intestate, against *Susanna D. Polgreen,* administratrix of *Thomas B. Polgreen,* upon whose estate letters of administration *de bonis non* were granted to the pre-

Brodie, Administrator of Lightfoot, *v*. Bickley, Administrator *de bonis non* of Polgreen.)

ent defendant, by the register for the probate of wills, &c. for the
ity and county of *Philadelphia*, was brought in this court to *July*
Term, 1815.

The case will be best understood from the pleadings. The decla-
ation was as follows:—

"*Philadelphia County, ss.*

"Of the Term of *June*, 1815, No. 34.

"*Abraham Bickley*, administrator *de bonis non* of the goods
and chattels, rights and credits which were of *Thomas Bickley Pol-
green*, deceased, unadministered, was summoned to answer *David
Brodie*, administrator of all and singular, the goods and chattels,
rights and credits, which were of *Samuel Francis Lightfoot*,
deceased, at the time of his death, of a plea, that he render unto the
said *David Brodie* the sum of twenty thousand dollars, lawful mo-
ney of the *United States*, which he unjustly detains from him, and
whereupon the said *David Brodie*, by *Benjamin Tilghman*, his
attorney, complains, for, that whereas the said *Samuel Francis
Lightfoot* heretofore, to wit, at a Court of Common Pleas in and
for the island of *Barbadoes*, and within the jurisdiction of the said
court, on the 25th day of *February*, in the year of our Lord one
thousand seven hundred and ninety-two, by the consideration and
judgment of the said court, recovered against the said *Susanna Do-
rothy Polgreen, administratrix of all and singular the goods
and chattels, rights and credits of the said Thomas Bickley
Polgreen*, as well the sum of two thousand pounds current money
of the said island of *Barbadoes*, which, in and by the said court,
were then and there adjudged to the said *Samuel Francis Light-
foot*, for the non-payment of a certain debt due upon a certain bond
or obligation under seal, made and executed by the said *Thomas
Bickley Polgreen*, on the 5th day of *August*, in the year of our
Lord one thousand seven hundred and seventy-two, to the said *Sa-
muel Francis Lightfoot*, as also the sum of *two thousand pounds*,
current money of the said island of *Barbadoes, for his costs and
charges* by him about his said suit expended in that behalf, to the
said *Samuel Francis Lightfoot*, by the said court, of his own as-
sent, then and there adjudged, whereof the said *Susanna Dorothy
Polgreen*, administratrix as aforesaid is convict, which said judg-
ment still remains in that court in full force and effect, in nowise
satisfied or annulled. And the said *David Brodie*, in fact saith, that
the debt, damages, costs, and charges aforesaid, in form aforesaid
recovered, are of great value, to wit, of the value of six thousand
four hundred and thirty-two dollars, lawful money of the *United
States*, to wit, at the county aforesaid: And that neither he, the said
*David Brodie*, since the decease of the said *Samuel Francis
Lightfoot*, nor the said *Samuel Francis Lightfoot*, during his life
time, have obtained *execution*, or received payment of the said

(Brodie, Administrator of Lightfoot, *v.* Bickley, Administrator *de bonis non* of Polgreen.)

judgment, or any part thereof, from the said *Susanna D. Polgreen*, during her life time, or from .the said *Abraham Bickley*, since the death of the said *Susanna Dorothy Polgreen*, by reason where- of, an action has accrued to the said *David Brodie*, to demand and to have *of and from the said Abraham Bickley*, the said. sum of six thousand four hundred and thirty-two dollars, above named; nevertheless, the said *Abraham Bickley* hath not, (though often re- quested,) paid the said sum of money, or any part thereof to the said *Samuel Francis Lightfoot*, during his life time, nor to the said *David Brodie*, since the death of the said *Samuel Francis Lightfoot*, (to which said *David Brodie*, after the decease of the said *Samuel Francis Lightfoot*, to wit; on the 8th day of *June*, Anno Domini, one thousand *eight hundred and fifteen*, adminis- tration of all and singular the goods and chattels, rights and credits, which were of the said *Samuel Francis Lightfoot* at the time of his death, who died intestate, was in due form of law granted by the register of wills for the city and county of *Philadelphia*,) but he, to do so, hath hitherto wholly refused, and still doth refuse, to the damage of the said *David Brodie*, twenty thousand dollars, and thereof he brings suit, &c.  And.the said *David Brodie* brings here into court, the letters of administration aforesaid, &c."

To this declaration, the defendant put in the following pleas, viz.—

"1. And the said *Abraham Bickley*, for a further plea in this behalf, with the leave of the court first had and obtained, according to the form of the statute in such case made and provided, saith, that the said *David Brodie* ought not to have, and maintain his ac- tion aforesaid thereof, against him; because, he says, that the letters of administration granted to him, the said *Abraham*, were so granted by the register for the probate of wills, and granting letters of administration in and for the *city* and *county* of *Philadelphia*, to wit; on the 9th day of *May*, in the year of our Lord one thou- sand seven hundred and ninety-six; and that he had not, at any time, and has not now, any other letters of administration; and that. he has not received, administered, or meddled with any goods, chattels, rights or credits, which were of the said *Thomas Bickley Polgreen*, but such as he might rightfully receive and administer, under the said letters: and he further says, that the letters of admi- nistration of the said *Susanna Dorothy Polgreen*, in the plaintiff's declaration alleged, (and under which she was impleaded and sued, and under which she confessed the judgment in the said declaration alleged,) were not granted by the said register, nor by any register for the probate of wills, and granting of letters of administration within the commonwealth of *Pennsylvania*, nor by any register, or other officer, or person authorised to grant letters of administra- tion in any state, district, or territory, within the *United States*, but that the same were granted in parts beyond the seas, out of the

(Brodie, Administrator of Lightfoot, *v.* Bickley, Administrator *de bonis non* of Polgreen.)

jurisdiction of the *United States,* and of the state of *Pennsylvania,* and out of the jurisdiction of all the states, districts, and territories of the *United States,* to wit; at the island of *Barbadoes:* without this, that any other letters of administration were ever granted to the said *Susanna Dorothy Polgreen,* and without this, that any other judgment, as the plaintiff in his declaration has alleged, was rightfully rendered: all which he·is ready to verify. Wherefore, he prays judgment, if the said *David Brodie,* administrator, &c. ought to have, or maintain his aforesaid action against him, &c.

" 2. And the said *Abraham Bickley,* for a further plea in this behalf, with the leave of the court, first had and obtained, according to the form of the statute in such case made and provided, saith, that the said *David Brodie* ought not to have and maintain his action aforesaid against him; because, he says, that heretofore, and BEFORE the letters of administration of the said *Susanna Dorothy Polgreen,* granted in the island of *Barbadoes,* and herein after mentioned, to wit; on the 14th day of *May,* in the year of our Lord one thousand seven hundred and ninety, letters of administration of the goods and chattels, rights and credits of the said *Thomas Bickley Polgreen,* were duly granted by the register for the probate of wills, and granting letters of administration in and for the city and county of *Philadelphia,* to one *Adam Hubley,* and afterwards, and after the death of the said *Adam Hubley,* to wit; on the 9th day of *May,* in the year of our Lord, one thousand seven·hundred and ninety-six, letters of administration of the goods and chattels, rights and credits, of the said *Thomas Bickley Polgreen, unadministered* by the said *Adam Hubley,* were duly granted by the said register to the said *Abraham Bickley,* the letters of administration of the, said *Susanna Dorothy Polgreen,* granted in the island of *Barbadoes, being then in full force;* and that he, the said *Abraham,* had not at any time, and has not now, any other letters of administration; and that he has not received, administered, or meddled with any goods, chattels, rights or credits of the intestate, but such as he might rightfully receive and administer under the said letters: and he further saith, that the letters of administration to the said *Susanna Dorothy Polgreen,* in the said plaintiff's declaration alleged, were not granted by the said register, nor by any register·for the probate of wills and granting letters of administration in the state of *Pennsylvania,* nor by any register, or other officer, or· other person authorised to grant letters of administration in any state, ·district, or territory, within . the *United States;* but that the same were granted in parts beyond the seas, and out of the jurisdiction of the *United States,* and of the state of *Pennsylvania,* and out of the jurisdiction of all the states, districts, and territories of the *United States,* to wit; at *Barbadoes:* without this, that any other letters of administration were ever granted to the said *Susanna Dorothy Polgreen;* and without

.(Brodie, Administrator of Lightfoot, *v.* Bickley, Administrator *de bonis non* of Polgreen.)

this, that any such judgment as the plaintiff in his declaration has alleged, was rightfully rendered: all which he is ready to verify. Wherefore, he prays judgment, if the said *David Brodie*, administrator, &c. ought to have, or maintain his aforesaid action against him," &c.

"3. And the said *Abraham Bickley*, administrator, &c. for a further plea in this behalf, with the leave of the court first had and obtained, according to the form of the statute in such case made and provided, saith, that the said *David Brodie* ought not to have and maintain his action aforesaid thereof, against him; because, he says, the letters of administration, granted to him, the said *Abraham Bickley*, were so granted by the register for the probate of wills and granting letters of administration in and for the city and county of *Philadelphia*, to wit; on the 9th day of *May*, in the year of our Lord one thousand seven hundred and ninety-six, and that he had not, at any time, and has not now, any other letters of administration, and that he has not received, administered, or meddled with any goods, chattels, rights, or credits of the intestate, but such as he might rightfully receive and administer under the said letters: and he further says, that the letters of administration of the said *Susanna Dorothy Polgreen*, in the said plaintiff's declaration alleged, were not granted by the said register, nor by any register for the probate of wills and granting letters of administration in the state of *Pennsylvania*, nor by any register, or other officer, or other person authorised to grant letters of administration in any state, district, or territory, within the *United States*, but that the same were granted in parts beyond the seas, and out of the jurisdiction of the *United States*, and of the state of *Pennsylvania*, and out of the jurisdiction of all the states, districts, or territories of the *United States*, to wit; at *Barbadoes:* without this, that any other letters of administration were ever granted to the said *Susanna Dorothy Polgreen;* and without this, that any such judgment as the plaintiff in his declaration has alleged, was rightfully rendered; all which he is ready to verify. Whereupon he prays judgment, if the said *David Brodie*, administrator, &c. ought to have, or maintain his aforesaid action against him.

"4. And the said *Abraham Bickley*, for further plea in this behalf, with leave of the court first had and obtained, according to the form of the statute in such case made and provided, saith, that the judgment in the said declaration alleged, so as aforesaid confessed, and rendered against the said *Susanna Dorothy Polgreen*, as administratrix of the said *Thomas Bickley Polgreen*, was not rendered under any letters of administration, granted by the register for the probate of wills, and granting of letters of administration in and for the city and county of *Philadelphia*, nor under any letters of administration, granted by any register, or other officer, or other person, authorised to grant letters of administration in the common-

(Brodie, Administrator of Lightfoot, *v.* Bickley, Administrator *de bonis non*
of Polgreen.)

wealth of *Pennsylvania*, or in any state, district, or territory in
the *United States;* but that the said judgment in the said declaration
alleged, was confessed and rendered against the said *Susanna Do-
rothy Polgreen*, under letters of administration, granted in parts
beyond the seas, and out of the jurisdiction of the *United States*
and of the state of *Pennsylvania*, and out of the jurisdiction of all
the states, districts, and territories of the *United States*, to wit: at
the island of *Barbadoes*. Without this, that any other letters of ad-
ministration were ever granted to the said *Susanna Dorothy Pol-
green;* and without this, that any such judgment as the plaintiff in
his declaration has alleged, was rightfully rendered; all which he is
ready to verify. Whereupon he prays judgment if the said *David
Brodie*, administrator, &c. ought to have, and maintain his aforesaid
action."

To the *first*, *third*, and *fourth* pleas, the plaintiff demurred. To
the *second*, he replied, " that the said *Adam Hubley*, administra-
tor, &c. has not paid the debt or sum of money, in the declaration
mentioned, either to *Samuel Francis Lightfoot*, during his life
time, or to the said *David Brodie*, administrator, &c. since the death
of the said *Samuel Francis Lightfoot*, but the same remains un-
paid and due."

The defendant joined in the plaintiff's demurrers, and demurred
to his replication to the second plea.

After argument by *Atherton* and *Tilghman*, for the plaintiff, and
by *T. Sergeant* and *J. Sergeant*, for the defendant,

The opinion of the court was delivered by·

GIBSON, C. J.—The question raised by the demurrers is, whether
debt lies against an administrator here on a judgment against a fo-
reign administrator of the same intestate. Did an administrator re-
present the person of the intestate without qualification or restric-
tion, the plaintiff's argument would be incontrovertible. But it is
clear, that his commision extends only to assets of which the ordi-
nary had jurisdiction; and it constitutes him a representative of the
intestate no further than as regards the administration of those par-
ticular assets. His power is but co-extensive with that of him from
whom it is derived; and it is, consequently, incompetent, directly
or indirectly, to affect assets which belong to another jurisdiction.
This principle is plainly discernible in the few decisions that bear
upon the point. As was held in *Dowdale's Case*, 6 *Rep.* 42, an
administrator may be sued in a foreign country; because, the action
being transitory, follows his person, and the jury may inquire of
assets in his hands at home or abroad. But the judgment would
not affect any assets, the administration of which had not been com-
mitted to him; as in *Borden* v. *Borden*, 5 *Mass. Rep.* 67, where a
judgment in *Massachusetts* against one who had obtained adminis-
tration in *Rhode Island*, was held insufficient to warrant execution

(Brodie, Administrator of Lightfoot, *v.* Bickley, Administrator *de bonis non* of Polgreen.)

of the intestate's land. In perfect accordance with this, is *The Select Men of Boston* v. *Boylston,* 2 *Mass.* 384, and *Dawes* v. *Boylston,* 9 *Mass.* 337, in which it was determined, that an administrator, under letters taken out in *Massachusetts,* could not be cited to account for assets received as administrator *cum testamento annexo,* in *England.* Thus we see that an administration under foreign authority, has no connexion with an administration granted here; and according to the maxim by which concurrent rights are to be viewed, as if they existed separately in different persons, a judgment against a foreign administrator could not be the foundation of an action against the same person to affect assets in his hands by virtue of administration here, in as much as the privity to support it must be official, and not personal. If, however, he were administrator here at the time of the judgment abroad, it might be otherwise, as the jury might inquire of the assets in his hands there as well as at home. The privity between an administrator *de bonis non,* and his predecessor, which has been pressed as analogous, is entirely different, the former being the official successor of the latter, while in the case of separate administrations of different parts of the same estate, the authority of each administrator is respectively paramount to that of the other. But the case of an executor *de son tort,* who represents the person of the decedent only so far as regards the assets with which he has intermeddled, is, as far as it goes, entirely analogous; and in *Nass* v. *Vanswearingen,* 7 *Serg. & Rawle,* 192, it was determined, that a judgment against him is insufficient to authorise execution of the decedent's land. The authority of an administrator, under letters granted in a sister state, to meddle with the assets here, is an anomaly, produced by an unexampled spirit of comity in the courts of this state, which will probably be attended, in this respect, with perplexity and confusion.

In theory, therefore, there are insuperable objections to the action; and, as regards convenience and justice, how stands it in practice? A confession of judgment is an admission of assets which creates no liability to the other creditors, or the persons entitled to distribution; and personal liability, even to the plaintiff, may be obviated by restraining the judgment to assets *quando acciderint.* What then is to prevent collusion? On the principle of the argument, even naked admissions of the foreign administrator would be competent to charge the assets here. To guard against this, the law necessarily limits the power of an administrator to assets, for the due administration of which he and his sureties are responsible. Of the reason and policy of this, the case at bar, in which the foreign judgment is marked to the use of the administratrix who suffered it, is a forcible illustration. It is of little moment, that such a judgment is not conclusive, and that if there be fraud in fact, the administrator here may show it. It is sufficient that the doctrine would shift the burden of proof in the first instance, and send the defen-

(Brodie, Administrator of Lightfoot, *v.* Bickley, Administrator *de bonis non*
of Polgreen.)

dant abroad, under every possible disadvantage, to investigate trans-
actions, the secret springs of which must necessarily be hidden from
him.   In every view, then, the defendant's demurrer must be sus-
tained, and the plaintiff's demurrers overruled.

Huston, J., and Tod, J., were absent in consequence of indis-
position.

Judgment for the defendant.