Harper, J.
delivered the opinion of the Court.
I am of opinion that the demurrer must be sustained; but that it must go to the plea, which is clearly defective. The plea Is, that defendant has fully administered all the goods, &c. received by him as administrator, in this State. But the law is settled, that if he has received assets elsewhere, he is answerable for them. It is said in Sheppard’s Touchstone, p. 496, “ that assets in any part of the world shall be said to be assets in every part of the world; and therefore if that point be in is *437 sue, and it appear that there are assets in the hands of any one of the executors, or in any country or place whatsoever, the jury must find that there are assets.” In Dowdale’s case, 6 Rep. 46, b. the defendant pleaded that he had fully administered. The jury found “ that the testator died in Ireland, and that the defendant, after the testator’s death, divers of the testator’s goods within the realm of Ireland, took and administered to the value of the debt,” and that he had no other goods of the testator in England. “ It was resolved that the jurors have found the substance of the issue, that is to say, assets ; and the finding that they are beyond sea is surplusage. For if the executors have goods of the testator in any part of the world, they shall be charged in respect of them.” Ib. 47, b. The same case is reported Cro. Jac. 55. This was a case of an executor, but Sheppard speaks of executors and administrators, and the same reason applies to both.
The question made in argument, and which was attempted to be raised by the plea and replication, does not properly arise upon the pleadings. It is one rather of evidence than pleading. It is not whether the administrator is answerable for assets which came to his hands out of the State; for of that there can be no question. If the intestate should have a debt due to him in another State, and the debtor should think proper to pay it to the administrator here, without any administration taken out; or if the administrator should go into another State, and get possession of goods of the intestate, undoubtedly he would be chargeable with them. Chancellor Kent expresses his opinion iu Williams v. Storrs, 6 Johns. Ch. Rep. 357, and in Doolittle v. Lewis, 7 Id. 49, that a debtor may properly make payment to an administrator in another State, and that the administrator is competent to give an acquittance.
The question is, whether the goods, which came into the defendant’s hands, iu his character of administrator, in Maryland, can be considered to have come into his hands at all as administrator here. A person to whom administration is granted in one State, cannot support an action in that character in another; it is supposed, that where an administrator in one State, obtains administration in another, he is in contemplation of law, a distinct person, and no more chargeable in one State for the assets he has received in the other, than if a different individual were *438 the administrator. Though the question is not necessarily in» ^0|76(] ¿n the present case, I will throw out such ideas upon it as occur t0 me‘
I suppose that the administrator in each State, is to be regard-e(i as a distinct person ; as much so as if a different individual had administered. The assets which came into the hands of a different individual in Maryland, could not be considered assets in the hands of an administrator here. He would be bound to administer according to the laws of Maryland, in paying debts, and disposing of the surplus. If, as suggested, the laws of Maryland make no difference between specialty and simple contract debts, or if they forbid an administrator to pay any debt, which is not approved by the court of probates, he would be bound by those laws. According to the general international law, distribution of personal estate is to be made according to the law of the country, where the deceased was domiciliated at the time of his death. It does not appear, whether the intestate, in the present case, was domiciliated in this State, or in Maryland ; but I shall presume he was domiciliated in this State. If the fact be otherwise, the principles can be applied accordingly. I presume the laws of Maryland, as I believe the law of this State would, authorize the administrator, after having paid off debts, to pay the surplus to the administrator of an intestate who had been domiciliated here for the purpose of distribution. This course is suggested, and seems to be sanctioned by the Court, in the Selectmen of Boston v. Boylston. 2 Mass. 384. If the laws of Maryland would authorize this, the administrator would I think be bound to close his administration by paying off debts, and then paying over the surplus to the administrator of the domicil. Though an administrator in one State cannot sustain an action in another, yet it is probable that an equitable jurisdiction would compel an administrator thus to pay over to the administrator of the domicil, upon being satisfied that he had given sufficient security. If this should be done, and the administrator here should receive such surplus, no doubt he would be chargeable with it as assets, both as to creditors and as to legatees. If, however, the laws of Maryland will not allow this, but peremptorily require the administrator there, to make distribution of the surplus to the next of kin, under the sanction of its own tribunals; then no such surplus could ever come into the hands of the adminis *439 trator here, and creditors here, who wished to avail themselves of the funds in Maryland, would be compelled to present and enforce their demands in that State.
The law is just the same, the same individual being administrator in this State,, and in Maryland. If he has closed his administration in Maryland, and has in his hands a surplus, which according to the laws of Maryland is properly in his hands as administrator of the domicil, he is chargeable with it here. If the administration in Maryland be not closed, but such a surplus is expected to come into his hands, judgment may be taken of assets quando acciderint, and he will be chargeable when he does receive it. If however, the laws of Maryland will not allow him to take possession of the surplus as administrator of the domicil, but he is answerable there for the assets he has received there,, until distribution be made to the next of kin under the sanction of the tribunals of that State ; then it seems to me that he can never be charged in this State for assets, which he has received as administrator in Maryland. All these things however, are matters to be investigated by evidence, and this may be done under the plea of plane administravit generally. I need hardly say, that if the fact be that the deceased was domiciliated in Maryland, the administrator here, can never be charged with assets received there. I suppose that by taking defendant into a Court of Equity, he might be compelled to set out the state of his administration in Maryland; as in the case decided in the U. S. Circuit Court, referred to 1 Coxe’s Digest 16. Or if he should delay to close his administration there, and take possession of the surplus as administrator of the domicil, the Court would compel him to do so, or charge him for the amount for which he appeared liable.
The plea is therefore overruled and the cause remanded, with leave to the defendant to plead plane administravit generally.