## LORENZO NORTON *vs.* FREDERICK A. PALMER.

A party, duly appointed under the laws of the late republic of Texas, "to the succession" of a person deceased there, is not accountable in this state for personal property held by him in that capacity.

THIS was an action of trover, brought by the administrator of Thomas Sheldon, against the administrator of Horace

Palmer. The defendant relied for his defence on the appointment of his intestate, by the proper tribunal of the late republic of Texas, as an administrator, or "to the succession" of Thomas Sheldon, deceased in Texas, before its annexation to the United States, under which appointment he held the property sued for. The facts of the case are sufficiently stated in the opinion of the court.

*R. A. Chapman,* for the plaintiff.

*W. G. Bates* and *N. T. Leonard,* for the defendant.

Bigelow, J. It is a well settled rule of law in this commonwealth, that an executor or administrator, duly appointed under the authority and jurisdiction of another state or country, acquires a good title to the personal property and assets of his intestate, which are there found, and which come to his hands by virtue of such appointment, and that he is to be held accountable therefor only in the legal tribunals of the state or country under which he holds his office. *Selectmen of Boston* v. *Boylston,* 2 Mass. 384; *Stevens* v. *Gaylord,* 11 Mass. 256; *Campbell* v. *Sheldon,* 13 Pick. 23; *Fay* v. *Haven,* 3 Met. 114.

The simple question now to be determined is, whether the case at bar falls within this principle. By reference to the documents and evidence in the case, it appears that at a probate court held in the republic of Texas, for the county of Harris, on the 27th of November, 1838, a decree was passed on the petition of the defendant's intestate "for the succession of Thomas Sheldon, deceased, with the benefit of inventory," by which the following matters were adjudged and decreed:

1. That certain persons (naming them) were the descendants and lawful heirs of Thomas Sheldon, late of said county of Harris, deceased.

2. That Lucy P. Sheldon and Horace Palmer (defendant's intestate) were the lawful guardians of five of said heirs who were minors.

3. That the authority of said Horace Palmer (defendant's intestate) to act for and in behalf of the adult heirs was full and sufficiently attested, and was recognized accordingly.

4. That the prayer of said Palmer's petition be granted, and that he be authorized to take possession of the property, real and personal, and all the rights and credits of Thomas Sheldon, late of said county, deceased, and to hold the same for the use and benefit of said heirs, being subject to and chargeable with the debts of said Thomas Sheldon, deceased, to the amount of the "inventory of succession," of record in that court.

5. That in case any further assets of said Thomas Sheldon, deceased, should come to the hands and possession of said Palmer, he was to cause a supplemental inventory thereof to be filed.

This decree seems to be very plain on its face; and by its terms, under the authority of a probate court in another country, vested in Horace Palmer, the defendant's intestate, all the personal property of Thomas Sheldon, deceased, there situate, to be administered upon by him. It in all respects confers an authority equivalent to that given by letters of administration granted under our own jurisdiction. If, however, there were any doubt as to the effect of this decree, it is made entirely clear by the evidence, especially by the testimony of Benjamin F. Tankersley, Esq., a counsellor at law in Texas, whose deposition is in the case, by which it appears, that the defendant's intestate was vested with all the powers, rights and authority, and subject to all the duties and liabilities, of an administrator on the estate of Thomas Sheldon, deceased. Upon an examination of the ordinance of 1836, passed by the general council of Texas, under which said Palmer received his appointment by virtue of the decree above cited; the act of the republic of Texas, passed in February, 1840, "regulating the duties of probate courts and the settlement of succession;" and also the act of July, 1846, of the state of Texas, being an act to organize probate courts; it appears to us, that the statements of Mr. Tankersley, as to the rights and powers of persons appointed under a decree similar to the one by which the defendant's intestate was appointed, are entirely correct and in conformity with the legal enactments to which they relate.

Upon this evidence there can be no doubt, that Horace Palmer, the defendant's intestate, was duly appointed to the office of administrator, or, to use the phraseology of the civil law, "to the succession" of Thomas Sheldon, deceased, in Texas, by a decree of a competent tribunal of the republic of Texas, in November, 1838, and that, by virtue thereof, the personal property and assets of said deceased within that republic came to, and were vested in him, to be administered upon and accounted for in said republic, to the legally constituted authorities thereof. It follows therefore that the personal property which is the subject matter in controversy in this suit, having come to the possession of the defendant's intestate in Texas, by virtue of his appointment as administrator of said Sheldon's estate there, was rightfully in his hands, and that, upon the evidence in this case, no action can be maintained against the present defendant for a conversion thereof.

We have not found it necessary to consider the evidence bearing on the question of the domicil of Thomas Sheldon, at the time of his death, because we are satisfied it is wholly immaterial in the decision of this cause. The reason for disregarding it is well stated by Jackson, J., in his learned opinion in *Stevens* v. *Gaylord*, and cannot be strengthened by repetition. The result is, that the plaintiff must become nonsuit.