### Asa Low *vs.* Sidney Bartlett & others.

If ancillary administration is taken out in another state upon the estate there of a deceased citizen of Massachusetts, a judgment there rendered, establishing a claim against the estate, is not binding here, and cannot be proved against the estate here; nor can the creditor establish his claim here against the executor, or against the legatees, to compel them to refund money paid to them by the executor, after the expiration of the time limited for the presentation of claims against executors, although the judgment was rendered after the expiration of such time.

BILL IN EQUITY brought on the 14th of September 1863, seeking to establish and enforce against the estate or legatees of Benjamin B. Mussey, late of Boston, deceased, a judgment recovered by the plaintiff in Vermont, where ancillary administration upon Mussey's estate had been taken out. The several defendants demurred to the bill, and the case, which is sufficiently stated in the opinion, was reserved by the chief justice for the determination of the whole court.

*R. McK. Ormsby,* of Vermont, (*A. W. Boardman* with him,) for the plaintiff. There is a privity of estate, or by law, that should render a judgment *de bonis testatoris* against one administrator conclusive against the estate in the hands of all. A judgment against an executor is binding on the administrator

*de bonis non.* 2 Saund. 72 *r.* ` And the laws universally recognized in administering the estates of deceased persons, when situated in different states, create a privity by comity between the different administrators. If the estate is in different states, and is insolvent, the creditors all share in proportion to their respective claims, each administrator being dependent, for the basis of his dividends, on the administrators in other states. *Vroom* v. *Van Horne,* 10 Paige, 556. In the present case the claim is· not on the executor, but on the trustees and legatees. Heirs and legatees are in equity liable to creditors, to the amount of assets received by them. *Noel* v. *Robinson,* 1 Vern. 94. *Hodges* v. *Waddington,* 2 Vent. 360. *Davis* v. *Davis,* 1 Dickens, 32. *Gregory* v. *Forrester,* 1 McCord Ch. 318. This claim is the judgment of a sister state, rendered since the expiration of the statute limitation for presenting claims here, and therefore comes within Gen. Sts. *c.* 101, § 31. This judgment is conclusive upon the heirs and legatees, if not upon the executor. There is a privity between them and each executor or administrator. A man leaves but one estate, though it may be in various jurisdictions ; and there is a privity between him and all his administrators. It is the duty of each administrator to see that none but just claims are allowed against his estate. There was a litigation in this case. Must a creditor pursue his claim through several states, picking up a little property here and a little there, and litigate in every state ? *Brown* v. *Ricketts,* 3 Johns. Ch. 553. Com. Dig. Chancery, 2 A; Accompt, 2 A 1. *Stone* v. *Wood,* 16 Illinois, 177. *Garnett* v. *Macon,* 6 Call (Va.) 337. An executor is in some respects different from an administrator. He accepts the trust of administering the whole estate, wherever situated. There is necessarily a privity between him and a foreign administrator. *Hill* v. *Tucker,* 13 How. (U. S.) 458, 459. *Latine* v. *Clements,* 3 Kelly (Ga.) 426.

*B. F. Thomas, D. Thaxter & R. Olney,* for the defendants, cited Story Confl. Laws, 522, and cases cited ; *McLean* v. *Meek,* 18 How. (U. S.) 16 ; *Stacy* v. *Thrasher,* 6 How. (U. S.) 44, 60 ; *Aspden* v. *Nixon,* 4 How. (U. S.) 467 ; *Slauter* v. *Chenowith,*

7 Indiana, 211; *Payne* v. *Payne*, 29 Verm. 172, 176; *Porter* v. *Heydock*, 6 Verm. 374; *Grout* v. *Chamberlin*, 4 Mass. 611; *Royce* v. *Burrell*, 12 Mass. 395; *Hall* v. *Bumstead*, 20 Pick. 2; *Valentine* v. *Farnsworth*, 21 Pick. 176; *Fay* v. *Haven*, 3 Met. 114–116; *Phillips* v. *Rogers*, 12 Met. 405; *Norton* v. *Palmer*, 7 Cush. 523; *Yaites* v. *Gough*, Yelv. (Amer. ed.) 33. *Allen* v. *Irwin*, 1 S. & R. 549.

CHAPMAN, J. The plaintiff is an inhabitant of Vermont, and brings his suit to recover the amount of certain claims which he alleges were originally due to him from Benjamin B. Mussey, late of Boston, who died in January 1857. Mr. Bartlett, one of the defendants, was appointed executor of the last will and testament of Mussey in February 1857; the defendants Thomas and Perkins are trustees appointed by the court to receive the legacies given in trust for his two minor sons; and the other defendant, Frank B. Mussey, is one of the sons who has come of age.

A part of the plaintiff's original claim was for services which, according to the allegations of the bill, were rendered more than six years before the decease of said Mussey. To this the defendants set up the statute of limitations, Gen. Sts. *c.* 155, as a bar. Another part of the claim is for money which is alleged to have been paid by the plaintiff to Mussey for usurious interest, more than two years before his decease. To this the limitation contained in Gen. Sts. *c.* 53, is set up as a defence; and in answer to the whole claim the defendants rely upon the limitation contained in Gen. Sts. *c.* 97, § 5, which limit actions against executors to two years after they shall have given the statute notice of their appointment.

It is conceded that these several defences must prevail, were it not for other facts alleged in the bill. But the bill sets forth that the testator died leaving property in Vermont; that Mr. Bartlett, after he became executor, requested George Prichard, of Bradford, Vermont, to take letters of administration in that state, which was accordingly done; that commissioners were appointed there to receive and adjust the claims of creditors who resided there, and that the plaintiff presented his said claims,

which were rejected by them; that he appealed from their decision, and in the supreme court of that state recovered judgment for the sum of $5839; that this judgment was by the law of Vermont a merger of his original debt, and an extinguishment of the same; that the suit was defended at the request of Mr. Bartlett; that it was continued in court for a long time; that when judgment was obtained Mr. Bartlett had settled the estate in Massachusetts, but that the trustees held funds which ought to be applied to the payment of debts; that the estate in Vermont was insufficient to pay the debts there, and the plaintiff received only thirty-nine and one tenth per cent. of the amount of his judgment; that he has presented his claim for the balance to said Bartlett, who refuses to pay the same; and he finds that the time for presenting claims against the estate and bringing suits against the executor has expired; and that he had supposed the estate here would be kept open, and also that the estate in Vermont would be sufficient to pay his debt. He therefore seeks to recover the balance of his debt by this suit in equity, out of the funds in the hands of the trustees, notwithstanding the statute of limitations, by which his right of action against an executor is limited to two years.

His position is, that, as his original claim was merged in the judgment obtained in Vermont against the administrator there, the present claim is a new one which has arisen since the decease of the testator; and that there is such a privity between the executor here and the administrator there, that his judgment can be enforced here in equity. Since it is conceded that without that judgment the claim would be barred here by the statute which limits actions against executors to two years, the first question to be considered is, whether the judgment has any validity against the executor.

If we look at the question of privity between the executor here and the ancillary administrator in Vermont, it is difficult to find any valid ground on which such privity can rest. The executor derives his authority from the letters testamentary issued by the probate court here; he gives bond to that court; is accountable to it for all his proceedings; makes his final

settlement in it, and is discharged by it, in conformity with the statutes of this commonwealth. The administrator derives his authority from the probate court in Vermont, and is accountable to it in the same manner in which the executor is accountable to our court. The authority of the executor does not extend to the property there, nor to the doings of the administrator. Nor does the authority of the administrator extend to the property here, or to the doings of the executor. When the plaintiff commenced his suit against the administrator, the executor had no right to go there and defend it. If he had been found in Vermont he could not have been sued there. The judgment rendered in the suit was not against him, or against the testator's goods in his hands; but was simply against the administrator, and the testator's goods in his hands. The courts of Vermont had no jurisdiction of the executor or of the goods in his hands, any more than our courts would have over the administrator and the goods in his hands. It is this limitation of state jurisdiction that creates a necessity for an administration in every state where a deceased person leaves property; and each state regulates for itself exclusively the manner in which the estate found within its limits shall be settled. If after the payment of debts and expenses in Vermont there had been a surplus remaining in the hands of the administrator, the probate court of that state would have ordered him to pay it over to the executor; and the only way in which the executor and administrator could have any dealings with each other would be under such an order. It is in effect the only way in which they could know each other officially. As there was in fact no surplus, they have nothing to do with each other. They have, therefore, not one of the direct relations to each other which enter into the idea of privity.

But it is said that they are in privity with the testator, and that this creates a privity of estate between them. It is true that the executor is in privity with the testator in respect to the estate which he takes, which is merely the estate in Massachusetts, and within the jurisdiction of its courts; and the administrator is in privity with him in respect to the estate in Vermont,

which he can administer upon. But as the privity relates to different property and different matters, and is limited to different jurisdictions, it does not aid the plaintiff. There is no privity between the estate in the hands of the executor and that in the hands of the administrator. Each must be administered separately and independently.

Nor is there any need of such a doctrine of privity as the plaintiff contends for. The plaintiff might have prosecuted his original claim here, at the same time that he was prosecuting it in Vermont; so that he was under no necessity to wait till it was barred by our statute of limitations relating to suits against executors and administrators. There would, therefore, be no equity in setting aside the statute of limitations in his favor, even if we had power to do so. On the other hand, it would be very inequitable to permit him to prosecute his suit in another jurisdiction, where the executor could not defend against it, and then, after the estate in Massachusetts had been settled and the time of limitation had expired, revive the liability of the executor because of the foreign judgment thus obtained. Statutes of limitations bind courts of equity as well as courts of law; and in this case the executor not only has a right to its protection, but is bound to avail himself of it.

Another and a decisive objection to the plaintiff's position is, that if it were held to be valid, it would enable the foreign administrator to bind the estate in Massachusetts, by suffering the recovery of a judgment against him.

On a careful examination of the authorities cited, we find nothing in them contradictory to the views here expressed. In *Hill* v. *Tucker*, 13 How. (U. S.) 458, where a testator had by his will appointed executors in different states, it was held that a judgment against the executors in one state was evidence against those in another state on account of the privity between them. But the case was distinguished from that of *Aspden* v. *Nixon*, 4 How. (U. S.) 467. In the latter case the testator was a British subject, and died in Great Britain, leaving property there and in Pennsylvania. The executor obtained letters testamentary in both countries, and it was held that a judgment

rendered in a suit there was no bar to a suit here between the executor and the heirs and devisees, because the parties and the property were different. In *Stacy* v. *Thrasher*, 6 How. (U. S.) 44, the question of privity was thoroughly discussed by Grier, J., and it was held that an action of debt would not lie against an administrator in one state on a judgment against an administrator of the same intestate in another state, because there was no privity between them. Story Confl. Laws, § 522, is cited as stating the law correctly on this point. In these cases some of the judges dissented, but did not state the reasons for their dissent. In the later case of *McLean* v. *Meek*, 18 How. (U. S.) 16, it was held that a judgment recovered against an administrator in Tennessee was not evidence to support a bill in equity against an administrator in Mississippi. The decision was on the ground that no connection existed or could exist between them, and therefore a recovery against the one was no evidence against the other. Thus the doctrine of the supreme court of the United States appears to be that there is no privity between executors or administrators appointed in different jurisdictions; and the only exception is in the case where executors are appointed in different states by the same will.

In Pennsylvania, it has been held that there is no privity between an administrator appointed there and an administrator of the same estate in Barbadoes; and therefore a judgment obtained in Barbadoes would not sustain an action of debt in Pennsylvania. *Brodie* v. *Bickley*, 2 Rawle, 431. No cases of our own are cited which sustain the view of privity that is contended for. On the contrary, so far as they have gone, they are adverse to it. See *Boston* v. *Boylston*, 2 Mass. 384; *Goodwin* v. *Jones*, 3 Mass. 514; *Grout* v. *Chamberlin*, 4 Mass. 611; *Borden* v. *Borden*, 5 Mass. 77; *Langdon* v. *Potter*, 11 Mass. 313; *Talmage* v. *Chapel*, 16 Mass. 71; *Fay* v. *Haven*, 3 Met. 109; *Wheelock* v. *Pierce*, 6 Cush. 288; *Norton* v. *Palmer*, 7 Cush. 523.

The doctrine referred to in behalf of the plaintiff, that a party who has recovered judgment against an executor may, after his decease, bring a *scire facias* upon the judgment against the administrator *de bonis non*, is not in point, because it is founded

on the fact that both are appointed to administer the same estate. 2 Saund. 72 *r.* But in the present case the administrator was appointed in Vermont, because the executor had no right to administer the estate there.

Another point taken in behalf of the plaintiff is, that his claim is not really against the executor, but against the legatees and their trustees, on the ground that the trustees have received from the executor the assets of the estate, to hold for the legatees; that he has a judgment against the estate which was rendered in a neighboring state since the expiration of the statute time for presenting claims here, and which therefore could not be presented before; and that it thus comes within the provisions of Gen. Sts. *c.* 101, § 31.

It is true that, in the present form of a judgment against the administrator in Vermont, it could not have been presented before. But that circumstance is not material, since it appears that, if it had been rendered and presented at an earlier date, it would not have been valid against the executor. An action against him must still have been upon the original claim. As to him, therefore, the doctrine of merger does not apply. As the judgment in Vermont did not affect him, he could not have pleaded it in bar, even if it had been rendered before an action was brought here. So that it was not a demand that could not have been sued for against the executor, and therefore does not come within Gen. Sts. *c.* 101, § 31. Nor are the legatees or trustees in privity with the administrator. They could not have intervened between him and the executor to recover from him anything that might have remained in his hands after the payment of debts in Vermont; but by the law of comity the amount would have been paid by him under an order of the probate court there to the executor, to be by him administered here. *Dawes* v. *Boylston*, 9 Mass. 337. The judgment in Vermont was in no sense a judgment against them, nor against the property which they had received from the executor.

It is further contended that equity will require legatees to refund to a creditor. In *Noel* v. *Robinson*, 1 Vern. 94, and

*Hodges* v. *Waddington,* 2 Vent. 360, this doctrine is stated. But where the liability of legatees is regulated and limited by statute, as it is in this commonwealth, equity will not set aside the statute, but will be governed by it.

*Bill dismissed with costs.*