## CLOPTON v. BOOKER et al.

EXECUTORS—*Jurisdiction of foreign courts over, etc.*—While an executer, as such, cannot be held to an account and settlement before a foreign court, or the court of a different State from the one granting such letters, yet, on bill for that purpose, he may be held in such court to disclose with what, and the character of the funds with which he has purchased property, and whether he holds the same as trustee, and for what uses and trusts.

LANDS—*Title, etc. to, determined by local courts.*—Where the title of lands and the right of possession thereto come in litigation, whether the contract affecting the same be express or implied, direct or in secret trust, the same must be determined by the courts of the State wherein the lands lie.

APPEAL FROM PHILLIPS CIRCUIT COURT.

HON. M. L. STEPHENSON, *Circuit Judge.*

*Palmer & Sanders,* and *U. M. Rose,* for Appellants.

If it be true, as was charged, that the executor had used the means of the estate to purchase these lands, and had taken the title in her own name, there is no doubt that a trust would result in appellant's favor. *Wallace vs. Duffield,* 2 *S. & R.,* 521; *Buck vs. Ulrich,* 16 *Penn. S. R.,* 499; *Claussen vs. LeFranz,* 1 *Clarke,* 226; *McCrory vs. Foster,* 1 *Clarke (Iowa)* 271; *Harper vs. Archer,* 28 *Miss.,* 212; *Schaffner vs. Grutzmacher,* 6 *Clarke,* 437; *Seaman vs. Cook,* 14 *Ill.,* 501; *Garrett vs. Garrett,* 1 *Strobh. Eq.,* 96; *Williams vs. Hollingsworth,* 1 *Id.* 103; *Caplinger vs. Stokes, Meigs,* 175; *Lee vs. Fox,* 6 *Dana,* 171; *Pugh vs. Pugh,* 9 *Id.,* 132.

The court below placed its decision on the ground that the suit should have been brought in Tennessee, where the testator lived, and where the letters were issued. But now that the hurry of the assizes is over, certainly no one will contend that any court in Tennessee can, by any proceeding whatever, affect the title to lands lying in Arkansas. *Sto. Confl. Laws,* section 543; *McGoon vs. Scales,* 9 *Wal.,* 23; *Redfield on Wills,* 398 *and note.* See also for a full discussion of this subject, *Wharton's Confl. of Laws,* section 273, *et seq.* It is extremely clear that if the suit could not be. brought here where the land lies, it could not be brought at all, and yet the bill was dismissed because the plaintiff had gone into the wrong forum. As to immovables, the property in each State constitutes a different succession. *Burbank vs. Payne,* 17 *La. An.* 15; *Scohler vs. Knapp,* 1 *Bradf.,* 241; *Atkinson vs. Rogers,* 14 *La. An.,* 633. Where land was in possession of a foreign executor, it was held that he might be sued for it in the State where the land lay; *Id.* And a foreign executor has no right to hold land in this State. *Naylor vs. Moffatt,* 29 *Mo.,* 126; *Crusoe vs. Butler,* 36 *Miss.,* 150; *Gilman vs. Gilman,* 54 *Me.,* 453; *Normand vs. Grognard,* 2 *Green (N. H.)* 425; *Mason vs. Nutt,* 19 *La. An.,* 41. A foreign executor leasing lands lying in this State could only be regarded as the agent of the heirs and devisees, and his tenant would hold under them. *Rutherford vs. Clark.,* 4 *Bush,* 27; *Succession of Ruffignere,* 21 *La. An.,* 364. A suit here will lie against a foreign executor touching any assets in this State. *McNamara vs. Dwyer,* 7 *Paige Chy.,* 239; *Tunstall vs. Pollard,* 11 *Leigh,* 6; *Gulick vs. Gulick,* 33 *Barb.,* 92; *Jones vs. Gooch,* 6 *Jones Eq.,* 190; *Olney vs. Angell,* 5 *R. I.,* 198.

*Tappan & Horner and A. H. Garland,* for Appellee.

An administrator can only be held to account to the jurisdiction granting his administration: *Goodwin vs. Jones,* 3 *Mass.,* 513; *Stevens vs. Gaylord,* 11 *Mass.,* 256; *Dawes vs. Boylston,* 9 *Mass.,* 337. The final distribution of the estate belongs exclusively to the jurisdiction where probate of will

was originally granted: *Dawes vs. Boylston*, 9 *Mass.*, 337; *Davis vs. Estig*, 8 *Pick.* 475; *Clark, adm'r. vs. Holt*, 16 *Ark.*, 257; *Williams on Executors*, *Vol.* 1, 377; *Vol.* 2. 366.

The fact that a portion of the property was moved by the executrix to Arkansas, does not give jurisdiction to require account: *Story on Conflict of laws*, *Sec.* 514, *B.* The same rule applies as between *States*: *Jackson vs. Johnson*, 34 *Ga.*, 511; *Davis vs. Estig et al.*, 8 *Pick.*, 475.

The assets received by a foreign executor or administrator in the State where the testator resided, are to be administered in that State: *Fay Judge vs. Hazen*, 3 *Metcalf*, 109; *Isham vs. Gibbins*, 1 *Brad. N. Y.*, 69; *Farmers & Savings' Bank vs. Brewer*, 27 *Conn.*, 600; and generally as to the doctrine here contended for: *Story Confl. Laws (Redfield's Edition)*, 513 et seq.; *Probate Court (Law and Practice) by Chilton* 212, et seq.; *Judy vs. Kelly*, 11 *Ills.* 211.

GREGG, J.—The appellant filed his bill in Chancery, in the Phillips Circuit Court. He alleged that in 1846 James G. Booker died in the State of Tennessee, seized and possessed of a large estate there and in Mississippi; that he left the appellee, Eleanor M. Booker, his widow and executrix; that she took posession of his estate, and received large sums descended to him and his heirs from his father's estate; that she has kept and controlled the whole amount over twenty-four years, up to this time; that she has received large incomes from crops, from the labor of hands, from the sale of some valuable plantations and other property; that she was guardian for all the children of said James G. Booker; that she was not required to give any security as such executrix or guardian; that the whole estate was passed into her hands in trust for the heirs of said James (reserving certain portions for her use during life) to be distributed among said heirs upon their arrival at a certain age; that said Eleanor, as such executrix and guardian, had filed no inventory or sales bills; that she had made no settlement whatever with

the proper court; that she had made no distribution among
said heirs at the time or in the manner directed in the will
of said James G. Booker, but that she had kept, used, dis-
posed of and controlled all of said property as if it were her
own individual estate, except that she had educated the
children and paid the debts of the said James.    That, with
the effects belonging to the estate, she had bought a large
and valuable plantation for herself, a homestead now worth
$50,000; that she had sold certain plantations of the estate
and, with the proceeds of one, she had purchased the Phillips
county plantation of about seven hundred acres, and, with-
out authority, took the title in her own name; that the said
Eleanor was only entitled to a life estate in the lands of the
said James G., and in those since purchased by her with the
trust funds in her hands; that all the heirs of the said James
G., deceased, died intestate and without issue, except the
wife of B. Drake Clopton; that the appellant had intermar-
ried with Ellen, one of the daughters and heirs of the said
James; that she died in 1869, but before her death, and dur-
ing coverture, she and the complainant made a deed of con-
veyance, or settlement in trust, to William B. Gordon, where-
by all the property and estate of the said Ellen were to be
held for her use during life, and, in default of issue, with re-
mainder to her said husband, the complainant; that by vir-
tue of the will of said James G. Booker, and the decease of all
his heirs (except the said Mary) without issue, and the pro-
visions in said deed of trust and settlement made to the said
Gordon, for the use aforesaid, the complainant is entitled to
the one-half of all the real estate of the said James, and also
that bought by the said Eleanor with the effects of the said
estate, as aforesaid, and held in trust for the heirs as afore-
said; that in the year 1869, said Phillips county plantation,
by the consent and agreement of the said Eleanor, was di-
vided by and between this complainant and wife, and said B.
Drake Clopton and wife, but after the death of Ellen, the ap-
pellee Eleanor withdrew her consent to such division; that

complainant is still in the possession of about one half of said plantation, and that the title of right is held in trust for him and the said Mary.

The appellant prayed that the appellees might be compelled fully to answer all the allegations in his bill; that the said Eleanor be required to discover and file a full statement of her action as executrix of James G. Booker, showing what assets came to her hands, and how she disposed of them; what debts she had paid; what property she had sold; what incomes she had received; what amount she received for the plantations in Mississippi; whether or not she had made any distribution of said estate among the heirs, and what disposition she had made of the assets of the estate, and where she obtained the money to pay for said plantation in Phillips county, etc. With a final prayer that the said Eleanor be declared a trustee of the said Booker plantation, in Phillips county, for the said Mary Clopton and the appellant; that the division of the same as heretofore made be approved and confirmed, and the appellant quieted in his possession thereof, and for all proper relief.

The appellee, Eleanor, appeared and demurred to the bill, because it shows her executorship to be in the State of Tennessee, and seeks an account in Arkansas; because she cannot be compelled to account in Arkansas, etc.

The court below sustained the demurrer, dismissed the bill and rendered a decree against the appellant for costs, from which he appealed to this court.

We think the law is well settled that an executrix, as such, cannot be held to an account and settlement before a foreign court, or the court of a different State from the one granting such letters: *Story's Confl. Laws, Sec.* 514 *and note; Jackson vs. Johnson* 34, *Geo.*, 511; *Davis vs. Estig*, 8 *Pick.*, 475; *Boston vs. Boylston*, 2 *Mass.*, 384; *Burbank vs. Payne & Harrison*, 17 *La. An.* 15.

On the other hand, it seems as well settled that the title of lands, and the right of possession thereto, must be determined

by the courts of the State wherein the lands lie : *Story's Confl. Laws, Sec.* 543 ; *McGoon vs. Scales,* 9 *Wal., U. S.,* 23; *Burbank vs. Payne & Harrison,* 17 *La. An.* 15.

Contracts may be made and obligations pass at points quite remote from the lands intended to be effected thereby, but whenever litigation must be had to test the validity of the claim to such lands, whether the contract be express or implied, direct or in secret trust, resort must be had to the local laws and local courts.

Hence the principal question, in this case, seems to be to determine the object and purpose of this bill—its legal bearing. Does the complainant seek to subject the defendant, Eleanor, to an account of her executorship, and to fix responsibility upon her as such, or does he only seek to have determined who is the owner of the Phillips county plantation, and who is entitled to the possession thereof, is the question ?

The appellant goes into a lengthy detail of James G. Booker's estate, and of the conduct of the appellee, Eleanor, as his executrix, and perhaps with unnecessary particularity, described the various funds that came into her possession, and the manner in which they were used and disposed of, but we find no allegation in the bill made against her as executrix.

The allegations that she, without security, was allowed to receive and control this large estate, to pay debts, educate the children, and hold the remainder in trust for a given time, and then distribute the same among the heirs of the deceased; that she had failed to make such distribution ; that she had received and kept large sums, and had sold large amounts of said trust property, and invested the proceeds in other property, etc., might, with propriety, be made to show that the property now held is a trust fund resulting in favor of the heirs, as well as such allegations might be used as a foundation upon which to seek an account of such administration.

And when we go one step further and consider the prayer of the complainant, we see no reason to doubt as to the object and intent of the bill—at least its legal purport and

bearing. The appellant asks no general account for the purposes of a distribution of the estate; asks no decree fixing the extent of her liability, or allotting to him his share in the estate; and hence we must conclude he does not seek an account from her as an executrix, further than to show that the Phillips county plantation was purchased with funds now properly belonging to the heirs of said estate, and that she holds in trust for their use. And his only relief, specifically prayed for, is that she be declared a trustee for them, and that his title be confirmed and quieted to this Arkansas land according to the division heretofore made.

We therefore hold that the demurrer was not well taken; that the appellant may call upon the appellee to know if she, as a trustee, does not hold that land for the use of him and said Mary Clopton, and to answer such pertinent interrogations as show how she became seized of said plantation.

The decree of the court below is reversed, and the cause remanded with directions to proceed not inconsistent with this opinion.