LOMAS *v.* HILLIARD & *a., Adm'rs.*

A report of a commissioner of insolvency in Vermont in favor of an administrator there, accepted and recorded by the probate court to which it is returned. and acquiesced in by the parties, is such a judgment that the same person as administrator in this state may plead it in bar to the maintenance of a suit here by the same claimant upon the same cause of action.

APPEAL, from the decision of a commissioner in insolvency, disallowing the plaintiff's claim. Facts found by a referee. The declaration alleges the indebtedness of the deceased to the plaintiff. Plea, the general issue, with a brief statement, alleging the following facts : The deceased, at the time of his death, was a resident of Vermont. Letters of administration on his estate in Vermont were granted to the defendants, and, upon proper proceedings, the estate was decreed to be administered as insolvent, and commissioners were appointed to receive and adjust all claims against the estate according to the laws of that state. The plaintiff presented his claim to the commissioners, which was the same as the one now in suit. The defendants objected to its allowance, and, after a full hearing upon the merits, the commissioners reported to the probate court that they wholly disallowed the plaintiff's claim. This report was accepted by the court, and ordered to be recorded, and became a part of the records in that court, which, by the laws of Vermont, thus became final as a judgment, no appeal having been taken within the time prescribed. All the creditors of the estate, those in New Hampshire as well as those in Vermont, were entitled to receive an equal share in the assets of the estate. The probate court in Vermont is a court of record, having a clerk and a seal, and its records are capable of proper authentication. It has jurisdiction of the estates of all persons deceased who were residents within its district.

The same defendants are administrators in this state ; and on the hearing before the commissioner here they objected to the allowance of the plaintiff's claim, on the ground that it was *res adjudicata* by reason of its having been presented to the Vermont commissioners, and disallowed. no appeal having been taken. This objection the commissioner sustained, and disallowed the claim. On the hearing before the referee the brief statement was rejected as constituting no bar to a recovery in this state, and the defendants excepted.

*Carpenter* (with whom were *Aldrich & Parsons* and *Hartshorn*), for the appellees.

*Dudley* (with whom were *Ladd & Fletcher* and *Shurtleff*), for the appellant.

FOSTER, J.　Is a report of commissioners in insolvency in Vermont, accepted by the tribunal to which it is returned, and acquiesced in by the parties, such a judgment or adjudication that it may be pleaded in this state in bar to the maintenance of a suit upon the same cause of action between the same parties? It is elementary, that the judgment of a court of competent jurisdiction upon the matter directly in issue is conclusive between the parties. *King* v. *Chase,* 15 N. H. 1; *Demerit* v. *Lyford,* 27 N. H. 541; *Lea* v. *Deakin,* 7 Reporter 261; Freem. Judg., *c.* 27. In *Goodall* v. *Marshall,* 14 N. H. 161, 168, *Parker,* C. J., says,—"Perhaps, had there been no further proceedings than the presentation of the claim to the commissioner in Vermont, and its disallowance by him, these facts would not have constituted a bar to its allowance here; but even that might well be doubted, and, should the question arise, it will require consideration. The judgment of an inferior tribunal, having jurisdiction of the controversy, and acquiesced in by the losing party, even negatively, or by not claiming an appeal, review, or the like, is in general certainly conclusive." So far, then, as the brief statement sets out a judgment on a contested claim before the commissioners in Vermont, and its acceptance by the probate court, we think it is sufficient, and should not have been rejected on that ground. If the case of *Taylor* v. *Barron,* 35 N. H. 484, is in conflict with these views, it must be overruled. *Taylor* v. *Barron,* 30 N. H. 78.

But it is said that there is no privity between administrators in two or more states, as they derive their authority from different governments. The question, however, thus broadly stated, does not necessarily arise in this case. We are called upon to decide whether there is such a want of identity between A, administrator in this state, and A, administrator in Vermont, that a judgment on the merits of the case, rendered in his favor in the latter state, will not be a bar to a suit for the same cause of action against him in this state. While substantial reasons might, perhaps, be adduced in support of the doctrine that there is no privity between administrators of the same estate in different jurisdictions, nothing but the most technical reasons exist in favor of a similar doctrine where the same person is the administrator in two or more states. Story (Confl. Laws, *s.* 522), after stating the general rule that there is no privity between one administrator and another in a different state, says,—"It might be different if the same person were administrator in both states," citing *Brodie* v. *Bickley,* 2 Rawle 431. Freeman on Judgments, *s.* 163, states the rule thus: "If letters of administration are granted in different states to different persons, there is no privity between such administrators;" but he is silent as to what the rule is in a case like the present. If there are cases which seem to support the doctrine contended for by the appellants in this regard, we cannot recognize them as authorities, because we see nothing but technical, if any, reasons to

support them. *Ela* v. *Edwards*, 13 Allen 48 ; *Clark* v. *Blackington*, 110 Mass. 369 ; *Hill* v. *Tucker*, 13 How. 458.

If judgment had been rendered against the intestate previous to his death by a competent tribunal in another state, after a full and fair trial, there would be no doubt that his administrator in this state would be bound by it ; and there seems to be no sound reason why, if the judgment had been rendered against his representative instead of him, the same representative would not be bound by it. He is, to be sure, the administrator and representative in Vermont by virtue of Vermont law, and in New Hampshire by virtue of New Hampshire law ; but that distinction does not annihilate his identity. He is the same person in one state as in the other, and represents the same interests. He exercises his own individual judgment in both states in behalf of the same estate, and to say that an adjudication of a matter concerning the estate in one state, to which he was properly a party, would not be binding on the parties in another state, because he happened to derive his representative character in both states from different sources, is, it seems to us, a technical refinement not often found in modern legal reasoning. It is not suggested that the assets of the estate would be any differently affected in one jurisdiction than in the other, although the proceedings in each state are had primarily with reference to the assets in that state ; nor is it apparent how the same administrator could do any more or any less in his defence against the claim in this suit in one state than in the other.

Having had a fair trial on the merits of his case in Vermont before a tribunal of his own choice, and presenting no special reason with reference to himself why he should have the privilege to retry his case here, we think the plaintiff ought not to be allowed to call on the administrator to incur another bill of expense here in attempting to do what he has already done elsewhere. *Goodall* v. *Marshall, supra.*

The exception, therefore, to the rejection of the brief statement is sustained.

*Case discharged.*

Smith, J., did not sit : the others concurred.