CASH *v.* O'CONNOR.

4-7063                    172 S. W. 2d 27

Opinion delivered May 24, 1943.

---

[4] Lawrence county happens to be one.
[5] Act 534 of 1921.

*W. H. Fisher* and *Wils Davis,* for appellant.

*John W. McCall,* for appellee.

SMITH, J. The parties to this litigation each owned what was once an island in the Mississippi River, and they derived their titles through separate grants from the state of Tennessee. By accretions to each, the islands have now joined and are now known as Booker's Towhead. The controlling question in the case is that of the location of the correct present boundary between these grants.

There has been protracted litigation of this question in the courts of Tennessee and, by stipulation, three opinions of Tennessee courts have been incorporated into the record now before us. The first of these opinions is one by the chancery court of Tipton county, Tennessee, the second is an opinion by the Court of Appeals of that state, delivered upon the appeal to that court from the decree of the chancery court, and the third is the opinion of the Supreme Court of the state denying certiorari from the decision of the Court of Civil Appeals. Appellant says the chief dispute between the parties to this appeal arises out of the construction of the opinions and decrees of those courts. In other words, these opinions and decrees leave in doubt the exact and correct locations of the line between these grants as a result of the accretions thereto. These opinions have not been published and may not, therefore, be cited.

Appellants, plaintiffs below, filed suit in the chancery court of Mississippi county, Arkansas, and for their cause of action alleged that appellees, defendants below, had cut, removed and sold timber from lands belonging to them to a citizen of this state and they prayed judgment against appellees for the value of this timber, and that appellees' vendee, a resident of this state, be enjoined from paying over to appellees the purchase money agreed to be paid for this timber. A temporary injunction had been granted, which, on final hearing, was

dissolved, and the cause was dismissed as being without equity, and from that decision is this appeal.

We have before us a voluminous record relating principally to different surveys of the line between the two tracts of land, once islands, and it is apparent that to determine who owns the timber it must first be determined who owns the land from which it was cut. This we decline to do for the reason that it is beyond our jurisdiction to do so.

Appellees insist that this question has already been decided by the courts of Tennessee and that the decisions are adverse to appellants. This appellants deny, but, whether this is true or not, the question is one which must be decided by the courts of Tennessee. We have no jurisdiction to determine the boundary line between two tracts of land both lying within that state, and if the opinions and decisions of the courts of that state have left this question unsettled, recourse to them must be had for clarification and final and definite decision.

It was held in the case of *Clopton* v. *Booker,* 27 Ark. 482, (to quote the second headnote) that: "Where the title of lands and the right of possession thereto come in litigation, whether the contract affecting the same be express or implied, direct or in secret trust, the same must be determined by the courts of the state wherein the lands lie." See, also, *Williams* v. *Nichol,* 47 Ark. 254, 1 S. W. 243; *Beauchamp* v. *Bertig,* 90 Ark. 351, 119 S. W. 75, 23 L. R. A., N. S., 659; *D'Connell* v. *Sewell,* 191 Ark. 707, 87 S. W. 2d 985; *Simmons* v. *Simmons,* 203 Ark. 566, 158 S. W. 2d 42.

The case of *Proctor* v. *Proctor,* 69 L. R. A. 673, has an extended note upon this subject.

We do not affirm the decree from which is this appeal for the reason that we do not have the jurisdiction to decide it. The case will, therefore, be dismissed for the lack of jurisdiction.