Curia.

We think the plea in bar bad. The case of Goodwin vs. Jones, cited by the counsel for the defendants, does not apply. The action there was brought for money due to the intestate on a contract made with him ; here the action is on a judgment already recovered by the plaintiff, and it might have been brought by him in his own name, and not as administrator. For the debt was due to him, he being answerable for it to the estate of the intestate; and it ought to be considered as so brought, his style of administrator being merely descriptive, and not being essential to his right to recover. It is important to the purposes of justice that it should be so; *63 for an administrator appointed here could not maintain an action upon this judgment, not being privy to it. Nor could he maintain an action on the original contract; for the defendants might plead in bar the judgment recovered against them in New York. The debt sued for is in truth due to the plaintiff in his personal capacity. For he makes himself accountable for it by bringing his action; and he may well declare that the debt is due to himself. There are many cases which show that, where the debt becomes due after the death of the intestate, the administrator may sue for it in his own name; some of which have been cited by the plaintiff’s counsel. •

Defendants’ plea bad.