Mr- Chief Justice' Marshall
 

 delivered the opinion of the Court.—
 

 This was a ^notion to the Circuit Court for the, District of Columbia, sitting in Alexandria, for an award, of execution upon a forthcoming bond, taken in pursuance of the execution law of Virginia. That law directs, that if the owner , of any goods or chattels, which shall be taken by virtue of a writ of
 
 fien facias,
 
 shall tender sufficient security to have the same .goods and chattéls. forthcoming, at’the day of sale; it shall be lawful'for-the sheriff or other officér,to take bond from such debtorand securities, payable to the creditor,-reciting the service of such execution, and the amount of "the -money or tobacco due thereon, and with condition to-have the money or tobacco forthcoming, at the. day of sale appointed by such sheriff or other' officer; and - shall thereupon suffer the said goods and chattels to remain in the possession, and at the risk of the debtor, until' that time. And if the owner of such goods apd chattels shall fail, to deliver up. the same, according to the condition of' the bond, or pay the -money or tobacco mentioned in the execution,' such sheriff or other officer, shall return the bond to’ the office of the. clerk of the Court, from whence the execution issued, -to be there safely kept, and to have the force
 
 *684
 
 of a judgment; and thereupon it shall be "lawful for the Court-when such bond shall be lodged, upon the motion of the person to whom the same is payable, his executors or administrators, to award execution for the money and tobacco therein mentioned, with interest thereon from the date of the bond, till payment, and costs; provided the obligors, their executors or administrators, or such of them against whom execution is awarded, have ten days’ previous notice of such motion.
 

 In this cas'e, the condition of the bond recited a
 
 fien facias
 
 against William B. Alexander and Richard B, Alexander, but was levied on the property of William B. Alexander only. The bond was executed by William B. Alexander, and his sureties. The notice of the motion to award execution on this bond, was addressed to the obligors, and imported that the motion was to award execution on their forthcoming bond, bearing date, &c., and taken .by virtue of á writ of
 
 fieri facias
 
 issued, &c. “in my name, against William B. Alexander, &c.”
 

 On the motion, the forthcoming bond, and the execution on which it was taken, were shown to the Court; and the proceedings were regular in all respects, excépt that the notice stated the bond to be taken by virtue of a writ of
 
 fieri
 
 facias, issued against William B. Alexander, whereas it was in fact-issued against-William B. Alexander and Richard B. Alexander. It was admitted, that this was the execution on which the forthcoming bond was taken, and the only execution in which-the said William B. Alexander was a party.
 

 The counsel for the defendants took exceptions to the notice, -but the Court gaye judgment on the-motion; which judgment is brought -before this Court by a Writ of error.
 

 The Act of Assembly prescribes, that the .forthcoming bond shall recite the material parts of the execution on which it is taken, but'gives no other direction respecting the notice, than that it shall., be served ten d'ays before the motion; Its sole' purpose is to inform the party, that the motion is to be made, thereby enabling' him tó show that the money has been paid; or, that for any other reasons, execution ought not to be awarded. If it gives him the informátion, which enables him, to do this, it effects all the substantial purposes of justice., A false recital of .the execution, would be fatal, because it might mislead the obligor; but in this case', the execution was against William B. Alexander, though not against him alone. Pie could not mistake the case in which the motion was to be made, because, it is admitted, that this was the execution' on which the bond was taken,tand the only execution in which the said William B. Alexander was a party.
 

 After judgment has been.rendered, an execution issued thereon and levied, the property restored to the debtor, on his. bond
 
 *685
 
 to produce it on the day of sale, and his failure to do so, we do not think that nice and technical objections to .the notice, where' every purpose of substantial justice is effectéd, ought" to be favoured. The law only requires notice, and wrhere the notice is sufficiently -.explicit, to render mistake impossible, we. think it justifies the award of execution.
 
 o'
 

 The' judgment is affirmed, with costs and damages, at the rate of six per centum per annum.