Dewey, J.
Scire facias on a justice’s transcript for execution against real estate. The scire facias describes the plaintiff below, Baldwin, as the executor of Duncan Darrah, deceased, and shows that he, in his capacity of ex. ecutor, sued George Campbell and Margaret Cammack in debt before one justice Wedding; that process was duly served upon them; that Cammack appeared, and having denied on oath the execution of the note on which the action was founded, judgment was rendered in her favour; that Campbell not appearing judgment went against him ; that afterwards Baldwin procured the judgment to be opened, upon which the cause was continued to a future day for another trial; that the parties appeared accordingly/and Cammack directed judgment to be entered against her jointly with Campbell, which was done; that justice Wedding issued an execution, on which the sum of $15.00 was made; that Wedding’s docket passed into the hands of justice Cloyd, his successor in office; that an execution issued upon the judgment, which was returned “ no property found ;” that a transcript of the above proceedings, duly certified by Cloyd, as the successor of Wedding, was filed and recorded in the office of the clerk of the Circuit Court; and that Cammack intermarried with Asa Mounts after the rendition of the judgment. The scire facias is against Campbell, and Mounts and his wife, and seeks execution of the balance of the judgment.
The defendants demurred, and assigned, among others, the following causes of demurrer: Uo profert of the plaintiff's letters testamentary was made. The time, at which the *391 execution Raving the return of “ no property found ” issued, is not stated. The judgment as to Cammack is a nullity, because it was rendered by confession without the necessary oath.
The Circuit Court overruled the demurrer, and rendered final judgment against the defendants.
"When it was necessary for a plaintiff to sue as executor or administrator, an omission to show his authority is fatal on special demurrer; but when he can sustain the action in his own right, the omission is immaterial, though he describe himself as executor or administrator. An executor, having *obtaiued a judgment for a debt due to his testator, can maintain suit upon it in his own right. Crawford v. Whittal, 1 Doug., 4, n. 1; Large et al. v. Atwood et al., 1 D. & R., 551; Talmage v. Chapel, 16 Mass. R., 71. It was not necessary, therefore, in the cause before us for Baldwin to make profert of his letters testamentary.
The statute *which authorizes a scire facias on a justice's transcript does not require the date of the execution, or of its return of “ no goods found,” to Recertified. The issuing of the execution and its return, only are necessary. These facts appear in this record.
Admitting the judgment against Cammack, described in the scire facias, to be within the statute requiring an oath on the confession of a judgment before a justice of the peace, she could not, while sole, object to its validity for want of the oath; for the statute expressly enacts that the judgment shall stand good against the party confessing, his heirs, &c., though the oath be omitted. R. S., 1838, p. 365. And is not competent for her husband to urge an objection, which she, before her marriage, could not have maintained.
It is also contended that the judgment as against Campbell is void,because it was rendered in his absence, and without his having had notice of the suit. This objection is not sustained by the facts. Process was served upon Campbell. It is true, he did not appear at the first trial, and judgment was rendered against him by default; but the record in *392 forms us that the 'parties appeared at the second trial. He is included in that term, and it must be presumed the judgment was correctly rendered against him.
J. A. Wright, for the plaintiff's.'
T. A. Howard, for the defendant.
It is also insisted tYi&i Mounts was improperly made a party to the scire facias, because he was not a party to the judgment rendered by the justice. The filing and recording the transcript did not, indeed, bind his real property; but having intermarried with one of the judgment-defendants, it was necessary to make him a party to any proceedings against her. The plaintiff was unquestionably entitled to prosecute a scire facias against her while she remained sole. If he could not, after her marriage, join her husband, he would lose his remedy. Mounts was correctly made a party; and the joint judgment is valid.
*Many other objections were urged against the validity of the judgment of the Circuit Court, but they are clearly without foundation, and need not be further noticed. *
Per Curiam.—The judgment is affirmed, with costs.