No. 62.—Samuel B. Malendy, and others, plaintiffs in error, *vs.* John T. Hungerford.

[1.] A notice of an application for the benefit of the " Honest Debtor's" Act, directed to a firm by their firm name—held to be sufficient.

Application for the benefit of the " Honest Debtor's Act"—

Richmond Superior Court—before Judge HOLT, September Term, 1848.

The facts are embodied in the opinion of the Court.

A. J. MILLER, for plaintiffs in error.

H. H. CUMMING, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

John T. Hungerford, being arrested at the instance of other persons, and having given bond and filed his schedule, made application to be discharged as an insolvent debtor, under the provisions of "the Act for the relief of honest debtors." The plaintiffs in error, who resided out of the State, were creditors. Due notice of the intended application was served on their attornies, addressed to them respectively, as partners in trade, by the style of their several firms, namely : " Malendy & David," " G. & W. H. Lockwood," and " Wyman, Elmendorf & Derby."

These creditors appeared by their attornies, and objected to the sufficiency and legality of the notice, because they were not directed to these creditors by their individual names. The objection being overruled, a writ of error has been sued out to this Court to reverse this judgment.

[1.] In all judicial proceedings, it may be proper, perhaps necessary, that the individual names of the parties should be set out ; especially where a judgment may be rendered for a pecuniary demand. In such cases, the execution would issue against each member of the firm, and bind not only the partnersnip property, but the separate effects of each member. In this case, had either of these firms tendered an issue, suggesting fraud, it would have been proper that their individual names should have been set out, inasmuch as the proceeding might have involved them in a judgment for cost.

But this reasoning does not apply to this preliminary notice. The law requires that the creditor should be notified. The creditor has been notified. A service on any one of the partners, would have been sufficient, for each is the agent for the whole. 3 *Shepley,* 9.   1 *Wend.* 50.   1 *Browne,* 299.   And if service on

one would have been sufficient, what ·necessity can there be of stating the individual names of each partner ?

Moreover, the Statute requires the *"creditors"* to be notified. Who are the creditors here ? Not the individuals composing these firms. As far as the record discloses, Hungerford owes them, *individually*, nothing. The *firms* are the creditors. The notice should then be directed to the *firms*, and served accordingly.

In the case of *Alexander, et al. vs. Brown*, 1 *Peters*, 683, where the objection was to a notice required by a Statute of Virginia, that it inserted the name of only one defendant, where it should have inserted two, Chief Justice Marshall says : " Its (the notice) sole purpose is to inform the party that the motion is to be made." If it gives him the information, to enable him to do this, it effects all the substantial purposes of justice.

In 1840, *(Pam.* 114,) the Legislature passed a declaratory Statute, bearing somewhat upon this subject. By its provisions, judgments are permitted to be entered up, and executions issued, both in favor and against partners, by their partnership names. If in so important a matter, the firm name is deemed sufficiently definite by the Legislature, we conceive, in the service of a notice in a matter which might almost be reckoned as *pendente lite*, a part of the litigation of the original suit, the firm name is a sufficient indication of the persons meant.

Let the judgment be affirmed.