Mr. Justice Walker delivered the opinion of the Court. This was an action of replevin, brought by Wilson Anderson and Malinda L. Anderson, late Malinda L. Sears, his wife, (the said Malinda being the administratrix of the estate and succession of Daniel Sears, deceased,) for the recovery of certain slaves, which, it is alleged, that said defendant, on the 20th May, 1849, received from the said Malinda, administratrix as aforesaid, and belonged to the succession of said Daniel Sears, deceased, and which were held by said Malinda, as and in her capacity of ad-ministratrix, to be re-delivered to the said Malinda, as such ad-ministratrix, when said defendant should be thereafter requested. The plaintiffs aver a demand of the slaves .and a refusal on the part of the defendant to deliver them; that letters of administration were granted to the said Malinda, of the estate and succession of said Daniel Sears, deceased, by the district court of Clay-born Parish, in the State of Louisiana, of which profert was made, with the further averment that, thereafter, and before the commencement of the suit, she intermarried with the said Wilson Anderson, in the State of Louisiana, the domicil of both parties, whereby they became husband and wife, and that, by the laws of Louisiana, she continued in her office of administratrix, and that her husband thereby became and was entitled, under said laws, to hold a joint possession, interest, title and property in said slaves, and a right of possession to the same jointly with the said Malinda, in trust for said succession. The defendant filed his prayer of oyer of the letters of administration granted to the said Malinda, and of which profert was tendered, and the plaintiff, without producing the letters of administration, filed several affidavits for leave to amend the declaration, so as to permit them to tender a copy of the letters of administration. But the court overruled the motion for leave to amend, struck out the motion and affidavits, and rendered final judgment against the plaintiffs for damages and costs. There can be no doubt but that if profert of the letters of administration was indispensably necessary, then a failure, on the part of the plaintiffs, to grant the oyer when required to produce it, would be fatal to their right of recovery; and the rule upon this subject, as laid down by Williams on Executors, (vol. 1, p. 627,) is, that upon the death of the testator or intestate, if any injury is after-wards done to his goods and chattels, the executor or administrator may bring an action for damages for the tort. And under such circumstances, he has his option either to sue in his representative capacity and declare as executor or administrator, or to bring the action in his own name and in his individual character. This rule we have recognized in the case of Hemphill v. Hamilton, (6 Eng, 425); and it is founded upon a special right in the executor or administrator to the personal property of the testator or intestate; for, after their death, such executor or administrator acquires a special property in such personal property, and may declare, as any- other person, upon their own property, when wrongfully damaged by another. In all such cases, the mere statement of the cause of action, whether in the representative or individual right of the plaintiff, shows on its faee, without the aid of proferí of letters of administration, that the plaintiff has a right to maintain his action. But where the plaintiff declares upon a cause of action which accrued % his testator or intestate, as, for instance, for the recovery of a slave that had been taken from the possession of the testator or intestate in his life time, it is very different: for then, the declaration would disclose a wrong done to the testator or intestate, in which the executor or administrator would have no right, only such as might be derived through his representative capacity, and such capacity must necessarily be shown. In the case before us, the plaintiffs have declared on a cause of action which is alleged to have accrued to them as such administrators, and not to their intestate; and whether this right be asserted by a suit in their individual or representative capacity, it is not the less their cause of action, and needs not the additional evidence of letterSj of administration to show their right to sue for the property. In the case of Campbell et al. vs. Baldwin, ex., (6 Blackf. Rep. 364,) where a judgment had been obtained by an executor, upon sci. fa. brought by the executor in his representative right to revive the judgment, in which it was objected to the sci. fa., upon demurrer, that proferí of the letters of administration had not been made, it was held, that, when it is necessary for the plaintiff to sue as executor or administrator, an omission to show his authority is fatal on special demurrer; but when he can sustain the action in his own right, the omission is immaterial, though he describe himself as executor or administrator. So, also, in the case of Talmage, adm. v. Chappel et al., (16 Mass. 71,) the plaintiff declared as administrator in debt upon a judgment recovered by him in that capacity, in the court of common pleas in New York. The court said, “Here the action is on a judgment already recovered by the plaintiff, and it might have been brought by him in his own name, and not as administrator, for the debt was due .to him, he being answerable for it to the estate of the intestate; and it ought to be considered as so brought, his style of administrator being merely descriptive, and not being essential to his right to recover. And so also in the case of Biddle, ad. vs. Wilkins et al., (1 Peter's R. 686,) in an action upon a judgment in favor of an administrator, it was held that the plaintiff, in declaring on such judgment, is not bound to make profert of his letters of administration] and although he sues as administrator, he may reject such description as surplusage. And such also was the decision of the court in the case of Savage et al. admr. vs. Meuam et al., (1 Blackf. R. 176,) in a case where suit was brought -on a bond executed to the plaintiff as administrator. These decisions hold that where the cause of action accrues to the administrator or executor, profert is unnecessary, and that if made, it will be treated as surplusage. And both Chitty and Saunders hold, that if unnecessarily made, the plaintiff is not bound to produce the letters upon prayer of oyer. (1 Chit. Pl. 430. 1 Saund. R. 9, n. d.) And so we held in the case of Knott vs. Clements, where the question arose upon an alleged variance •between the profert tendered and that produced upon oyer. Here no oyer was given, and the question is not, whether the plaintiffs shall be permitted to abandon a right of action asserted in their representative capacity and insist upon a recovery in their individual right, as in the case of Hemphill vs. Hamilton, ad., but as to the necessity of showing their authority and right to sue in their representative right, when the facts sufficiently appear from the cause of action as disclosed in the pleading. We are not, however, to be understood as holding it unnecessary for the plaintiff to connect himself with the subject matter in suit for the purpose of entitling him to recover; as, for instance, where the suit is for a tort to property, committed since the death of the testator or intestate, although it is not necessary to sue for such tort as administrator, still it may become necessary to show upon the trial that the plaintiffs are administrators, in order to establish a special property in the subject matter of the suit; and, for this purpose, the letters of administration, or other competent evidence, would be necessary. (Reynold, ex. vs. Torrence, 2 Brev. 61. Patchen vs. Wilson, 4 Hill 58.) But not to show a right in the plaintiff to sue in a particular capacity, for that would sufficiently appear by the cause of action disclosed. The circuit court therefore erred in deciding it necessary to produce letters of administration upon the defendant’s prayer of oyer, and in rendering final judgment against the plaintiff for having failed to do so. As regards the question of amending the declaration, there was ' certainly a very strong case made out, when we consider that no costs or delay could likely have arisen from it, or if so, terms might have been imposed. But as this was a matter of discretion in the circuit court, we would not feel at liberty upon that ground alone to reverse the decision of the circuit court. Let the judgment be reversed, and the cause be remanded.