## BARNES *a.* SMITH.

*New York Superior Court ; General Term, Nov.,* 1863.

JUDGMENT.—JOINT-DEBTORS.—MISJOINDER OF CAUSES OF ACTION.

A judgment may properly be regarded as a contract, within the rules as to joining several causes of action.

Where the same judgment has passed, in one action, against two or more parties, they are, in respect to such judgment, joint-debtors.

Under section 167 of the Code of Procedure, a cause of action on contract against A. cannot be joined with a similar cause of action against A. and B. jointly.

Appeal from an order sustaining a demurrer to the complaint.

This action was brought by L. F. Barnes against Thomas B. Smith. The complaint contained three statements of causes of action. The first set forth a judgment obtained by Thomas Ridgway against defendant and John G. Diamond and John Smith, in the Common Pleas of Pike county, Pennsylvania. The second set forth a like judgment against defendant and John G. Diamond. The third set forth a like judgment against defendant alone. The defendant demurred, *first*, to the whole complaint, on the ground that several causes of action had been improperly united; and, *secondly*, to the first and second causes of action, on the ground "that there is a defect of parties defendant in this action, to wit, one John Smith and John G. Diamond should be parties defendant in this action." At special term, Mr. Justice Monell directed judgment for the

Barnes *a.* Smith.

defendant on the demurrer, with costs, leave being given to plaintiff to amend within twenty days, on payment of costs of defendant. From this order the present appeal was taken.

*Max Goepp*, for the appellant.—I. Where one cause of action is bad, for an intrinsic reason, the defendant should demur separately to that cause of action, and cannot raise the question of its sufficiency by a demurrer to the whole complaint, on the ground of misjoinder. (Cook *a.* Chase, 3 *Duer*, 643.) A demurrer on the ground of improper joinder lies only for violations of the provisions of section 167 of the Code. On demurrer, the party demurring will be confined strictly to the grounds actually assigned, and cannot avail himself of any other objection, however tenable. (Hobart *a.* Frost, 5 *Duer*, 672 ; Eldridge *a.* Bell, 12 *How. Pr.*, 547 ; Wilson *a.* Mayor, &c., of N. Y., 6 *Abbotts' Pr.*, 6 ; Cook *a.* Chase, *supra ;* Malone *a.* Stilwell, 15 *Abbotts' Pr.*, 421.) In any event, plaintiff is entitled to judgment on his third statement of cause of action.

II. Defendant's second demurrer is bad, in point of form, because it unites, in one assignment, separate and distinct objections to the first two statements of causes of action. The separate objections should have been separately stated. (*Code*, § 145.)

III. This demurrer cannot be sustained against our second statement of cause of action, which sets forth a judgment against Thomas B. Smith and Diamond. The alleged defect is the omission of both Diamond and John Smith.

IV. If the demurrer is bad as to the second count, it must fail as to the third also, both being joined in the one assignment. (Peabody *a.* Washington County Mutual Ins. Co., 20 *Barb.*, 339.)

V. The first and second statements of causes of action are not defective for want of parties. To style a judgment a contract between the plaintiff and the defendant is, manifestly, a fiction ; and the fictions of the law are never allowed to work oppression. In Mahaney *a.* Penman (4 *Duer*, 603), the liability of defendants in a joint judgment was treated as a joint liability on contract only, because it appeared from the record that the judgment had been obtained on a joint contract. To hold that these three judgments cannot be joined in one action against

defendants is to subject him to three bills of costs instead of one.

*William J. Huff*, for the respondent.—I. There are several causes of action improperly united. (Burgess *à*. Abbot, 6 *Hill*, 135; Gilman *a*. Rivers, 10 *Pet.*, 299; Le Roy *a*. Shaw, 2 *Duer*, 626; Haire *a*. Baker, 5 *N. Y.*, 359; Malone *a*. Stilwell, 15 *Abbotts' Pr.*, 421; Davy *a*. Betts, 23 *How. Pr.*, 396.) The first cause of action stated in the complaint is one existing against three persons: the second one existing against two persons. Section 167 of the Code, as it stood when this demurrer was put in, provided that the causes of action so united must affect all the parties to the action, and belong to one of the classes therein.

II. There is a defect of parties. John G. Diamond and John Smith should be made parties defendant. The complaint states that judgment was recovered against all three. (See Baggott *a*. Boulger, 2 *Duer*, 160, and cases above cited.)

By the Court.*—Moncrief, J.—The complaint alleges the recovery of three judgments in the State of Pennsylvania, by one Ridgway; the first on the 17th of February, 1858, against the defendant and one John Smith and John G. Diamond; the second on the 18th of December, 1860, against the defendant and John G. Diamond; and the third against the defendant alone, on the 18th of December, 1860.

It must be obvious that the complaint must be sustained, if at all, under subdivision 1st or 2d of section 167 of the Code, and quite clearly it is not embraced within the former. If it is sought to bring the case within the latter, then the plaintiff must show that his three causes of action united in his complaint all arise out of "contract, express or implied," and affects all the parties to the action. The plaintiff avers a liability of the defendant arising upon a separate and sole contract, and a joint liability with others arising upon contract made jointly with Diamond and Smith. A judgment may properly be regarded as a contract, &c. (Mahaney *a*. Penman, 4 *Duer*, 603.) The defendant cannot be held separately liable to the

---

* Present, Moncrief, Robertson, and Monell, JJ.

plaintiff upon his joint contract with Smith and Diamond in this action, instituted against him alone, and it would seem to follow that the complaint is bad in thus uniting three causes of action in which it does not affirmatively appear that a separate judgment could be given against him.

Applying the test as given in *Chitty on Pleading* (vol. 1, pp. 228, 229), that "where the plaintiff has two causes of action which may be joined in one action, he ought to bring one action only; and if he commence two actions, he may be compelled to consolidate them and pay the costs, and to pay the costs of the application," and it is quite plain the causes of action in this complaint are improperly united. If three actions had been commenced,—one against this defendant; another against this defendant, Diamond, and Smith; and a third against this defendant and Diamond,—it could not be contended that the court would entertain an application to consolidate those actions.

The order was correct, and should be affirmed with costs.