[Civil No. 360.   Filed January 28, 1893.]

[33 Pac. 555.]

THE ARIZONA CATTLE COMPANY, Defendant and Appellant, v. EMILE HUBER et al., Plaintiffs and Appellees.

1. EXECUTORS AND ADMINISTRATORS—FOREIGN EXECUTORS—CAPACITY TO SUE.—An executor or administrator appointed in a foreign state may lawfully sue in this territory upon a judgment obtained by him in the place of his appointment, in his representative capacity, without taking out letters testamentary or letters of administration in this territory.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Coconino. Edmund W. Wells, Judge. Affirmed.

The facts are stated in the opinion.

Stewart & Doe, for Appellant.

The court erred in overruling defendant's demurrer and plea in abatement, for the reason that the judgment upon which this action was brought was rendered in the state of New York in favor of plaintiffs, in their representative capacity, as executors under a will probated in the state of New York, and this action is brought by them, in their representative capacity, without any letters of administration, or other authority under the laws of the territory.

The powers of executors and administrators to sue, in the absence of special authorization by the laws of other states,

is limited to the state under the laws of which they derive their authority to act in such capacity. *Simpson* v. *Foster,* 46 Tex. 624; Story on Conflict of Laws, sec. 513; *Gordon* v. *Jones,* 3 Mass. 514; *Leonard* v. *Putnam,* 51 N. H. 247, 12 Am. Rep. 106; *Doolittle* v. *Lewis,* 7 Johns. 45; *Vaughn* v. *Barrett,* 5 Vt. 333, 26 Am. Dec. 306; *Stevens* v. *Gaylord,* 11 Mass. 256; *Shelden* v. *Rice,* 30 Mich. 296, 18 Am. Rep. 136; *Dixon* v. *Ramsay,* 3 Cranch, 319; *Doe* v. *McFarland,* 9 Cranch, 151; *Vaughn* v. *Northrop,* 15 Pet. 1; *Noonan* v. *Bradley,* 9 Wall. 394; *Mosby* v. *Barron,* 52 Tex. 396; *Johnson* v. *Wilson,* 1 Pinn. 65.

Herndon & Hawkins, for Appellees.

The following authorities fully sustain the ruling of the lower court: *Lewis* v. *Adams,* 70 Cal. 403, 59 Am. Rep. 423, 11 Pac. 833; *Biddle* v. *Wilkins,* 1 Pet. 686; *Talmage* v. *Chapel.* 16 Mass. 71.

SLOAN, J.—Appellees, as the executors of the last will and testament of Otto Huber, deceased, brought suit in the district court of Coconino County against appellant company, upon a judgment obtained by them, as executors aforesaid against appellant, in the city court of the city of New York for the sum of $1,073.87. The complaint recited that said Otto Huber died in the city of New York on the thirty-first day of August, 1889, leaving a last will and testament wherein and whereby appellees were named as the executors thereof; that thereafter the said will was duly probated before the surrogate of Kings County, in the state of New York, and letters testamentary duly issued thereunder, and that as such executors they obtained said judgment against said appellant as aforesaid. Appellant demurred to the complaint upon the ground that appellees had not legal capacity to sue, nor were entitled to recover in the capacity in which they sued, because it appeared upon the face of the complaint that the action was brought by them as executors of a will probated without the territory of Arizona, and in the state of New York, and not as individuals, and because the complaint did not allege their appointment, either as executors or administrators, within this territory, under or by virtue of the laws of this

territory.  Appellant also pleaded, in abatement of the action, that Otto Huber, deceased, at the time of his death, was a resident of the state of New York, and that his will was never probated or offered for probate within this territory, and, further, that appellees, nor any of them, had been appointed administrators, either general or special, under the laws of, or within, this territory.  Both the demurrer and plea in abatement were overruled by the trial court and judgment entered for appellees.  From this judgment appellant appeals.

For convenience, we will consider both the demurrer and the plea in abatement as a single proposition, inasmuch as they involved, virtually, but one question, and that may be stated as follows:  May an executor or administrator appointed in a foreign state lawfully sue in this territory upon a judgment obtained by him in the place of his appointment, in his representative capacity, without taking out letters testamentary or letters of administration in this territory?  In *Biddle* v. *Wilkins,* 1 Pet. 685, the plaintiff brought suit in the United States district court for Mississippi upon a judgment recovered by him as administrator appointed in the state of Pennsylvania.  The defendant pleaded that he was the duly appointed administrator of the same estate by virtue of letters of administration issued in the state of Mississippi.  The court held that the plaintiff could sue upon the judgment in his personl capacity, it being in law his debt, and it made no difference whether the defendant had or had not been appointed administrator of the same estate in Mississippi.  In the case of *Talmage* v. *Chapel,* 16 Mass. 71, it was held that where an administrator in New York obtains a judgment in that state, he alone could bring suit upon the judgment in the state of Massachusetts, and that his styling himself "administrator" in such suit was held to be merely descriptive, and not essential to his recovery.  Mr. Freeman, in his work on Judgments (sec. 217), thus summarizes the law on this subject: "A debt due to the estate of a deceased person, if sued upon and recovered by an administrator, is in law the debt of him who recovers it, and in whose name the judgment is rendered.  He holds the legal title subject only to his trust as administrator.  He may sue upon the debt in his own name without describing himself as administrator, and may there-

fore pursue the judgment in a different state from that in which letters of administration were issued." In *Lewis* v. *Adams,* 70 Cal. 403, 59 Am. Rep. 423, 11 Pac. 833, the court held that the Code of Civil Procedure of that state did not affect or modify the general principle of law in this respect. Our own Practice Act nowhere changes the common law upon the subject. The cases cited by counsel for appellant do not apply. They appear to have overlooked the distinction between a case where a foreign administrator sues to collect a debt due in the state where suit is brought and a case where he sues upon a debt which has been merged in a judgment obtained by him in the state of his appointment. In the former the local administrator can alone sue, as such debts are assets which are to be administered upon in the state where due. In the latter the judgment becomes an asset in the state wherein it has been originally rendered. Again, there is no privity between persons to whom administration is granted in different states in the same estate. Hence, an administrator appointed in the estate of Otto Huber, deceased, by the probate court of Coconino County, could not sue upon the judgment rendered in New York in the name of the administrator appointed in that state. We see no error in the overruling of the demurrer or plea in abatement, and the judgment is therefore affirmed.

Gooding, C. J., and Kibbey, J., concur.