# Hare *v.* O'Brien, Appellant.

*Executors and administrators—Foreign administrator—Ancillary administrator—Foreign judgment—Foreign attachment—Conflict of laws—Act of March 15, 1832, P. L. 135.*

1. A domiciliary administrator may sue in his own name in another state on a judgment recovered by him in his representative capacity in the state of the domicile.

2. Where a domiciliary administrator in another state brings in the court of the domicile a foreign attachment against a citizen of Pennsylvania, and the defendant appears by counsel and contests the case, and judgment is entered against him, the domiciliary administrator may bring a suit on such judgment against the defendant in Penn-

sylvania, and it is immaterial that such suit be instituted in his representative character as his official title is surplusage and may be disregarded; and in such a case it is also immaterial that an ancillary administrator had already been appointed in Pennsylvania before the suit on the judgment was brought. The ancillary administrator under such circumstances cannot sue on the judgment inasmuch as he is not a party to it, nor in privity with the foreign administrator; nor can he sue on the original debt, inasmuch as the debt was merged in the foreign judgment which barred a new action.

Argued Oct. 3, 1911. Appeal, No. 30, Oct. T., 1911, by defendant, from judgment of C. P. Armstrong Co., Dec. Term, 1909, No. 99, for plaintiff non obstante veredicto in case of Wellington R. Hare, Administrator d. b. n. of the Estate of Patrick O'Brien, deceased, v. Robert P. O'Brien. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a foreign judgment. Before PATTON, P. J. The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for plaintiff for $19,314.47 non obstante veredicto.

*R. L. Ralston* and *R. A. McCullough*, for appellant.— The action was barred by the Act of March 15, 1832, P. L. 135; McCullough v. Young, 1 Binney, 63; Brodie v. Bickley, 2 Rawle, 431; Sayre v. Helme, 61 Pa. 299; Mansfield v. McFarland, 202 Pa. 173; Viosca's Est., 197 Pa. 280; Laughlin v. Solomon, 180 Pa. 177; Moore v. Fields, 42 Pa. 467; Cole v. Cunningham, 133 U. S. 107 (10 Sup. Ct. Repr. 269); Galbraith v. Rutter, 20 Pa. Superior Ct. 554; Sweeny v. Hunter, 145 Pa. 363; Com. v. Stambaugh, 22 Pa. Superior Ct. 386.

These facts place the case squarely within the ruling of this court in Lines v. Lines, 142 Pa. 149.

*Harry C. Golden*, with him *H. L. Golden*, for appellee.— Where a debt, fixed by the decree of a court of competent jurisdiction in another state, is due by citizens of Pennsyl-

vania to the estate of one who had his domicile at the time
of his death in said foreign state, the administrator of the
domicile may sue for and recover the debt, in the courts of
this state, without first taking out letters of administration
here: Moore v. Fields, 42 Pa. 467; Shakespeare v. Fidelity
Ins., etc., Co., 97 Pa. 173; Shinn's Est., 166 Pa. 121; Wilkins
v. Ellett, 108 U. S. 256 (2 Sup. Ct. Repr. 641); Talmage v.
Chapel, 16 Mass. 71; Tittman v. Thornton, 16 L. R. A.
410; Arizona Cattle Co. v. Huber, 4 Arizona, 69; McCarthy
v. Troll, 118 S. W. Repr. 416; Miller v. Hoover, 121 Mo.
App. 568; Low v. Burrows, 12 Cal. 181; Boulden v. Penna.
R. R. Co., 205 Pa. 264; Viosca's Est., 197 Pa. 280.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1912:

Patrick O'Brien died intestate in 1903 in the state of
Ohio, and domiciliary letters of administration were
granted to his widow. She resigned, and letters de bonis
non were granted to Wellington R. Hare, the plaintiff in
this case, who duly qualified. Some time prior to his death
O'Brien had placed various sums of money in the hands of
his son Robert, the defendant, in trust, to be invested and
the interest or income to be paid to Patrick. Hare brought
an action against Robert in the court of common pleas of
Wyandot county, Ohio, to enforce payment of the money
alleged to have been placed in Robert's hands, and re-
covered a decree or judgment against Robert for $18,000.
The suit was in the nature of a foreign attachment, and
certain real and personal estate of Robert in Wyandot
county was attached in the hands of garnishees. Robert
was not personally served but appeared by counsel, put
in an answer and contested the suit. The decree or judg-
ment entered against him in the common pleas was sub-
sequently, on his appeal, affirmed by the Supreme Court
of Ohio. About $6,000 was realized on the judgment out
of Robert's property in Ohio. On October 11, 1909, Hare
brought the present action in the common pleas of Arm-
strong county, Pennsylvania, on the decree or judgment
obtained by him in Ohio, and seeks to recover the balance

due thereon.  On the trial of the cause the court directed a verdict for the defendant, but subsequently entered judgment non obstante veredicto for the plaintiff.  The defendant has taken this appeal.  Hare has not administered on O'Brien's estate in Pennsylvania, but on September 1, 1909, letters of administration were issued in Armstrong county to Carl A. O'Brien.

The appellant denies the right of the plaintiff to recover, and contends that sec. 6 of the Act of March 15, 1832, P. L. 135, 1 Purd. 1074, prohibits the plaintiff, a foreign administrator, from suing on the Ohio judgment in this state, and especially as there is an ancillary administrator here; that to allow a recovery would authorize the assets of the decedent to be removed from this state to the injury of our citizens who are creditors, and that the Ohio court did not have jurisdiction over the subject-matter of the action.

At common law, a foreign executor or administrator had no authority as such to bring an action outside the jurisdiction of his appointment.  Our act of 1705, 2 Stat. at Large, 195, changed the common law in this respect, and provided that a foreign executor or administrator, producing letters here, could bring an action in any court of this province.  The present law on the subject is the sixth section of the Act of March 15, 1832, P. L. 135, 1 Purd. 1074, which re-established the common law, and provides as follows: "No letters testamentary or of administration, or otherwise purporting to authorize any person to intermeddle with the estate of a decedent, which may be granted out of this commonwealth shall confer upon such person any of the powers and authorities possessed by an executor or administrator, under letters granted within this state."  This act, it may be observed, is limited in its operation, and in terms, simply prohibits a foreign representative from exercising in Pennsylvania "any of the powers and authorities possessed by an executor or administrator under letters granted within this state."  A foreign administrator cannot sue here for choses in

action or other assets of the decedent's estate whose
situs is in this state. Under the statute, they must be
administered by an ancillary administrator, and hence the
domiciliary administrator cannot intermeddle with them.
What the former may do, the latter cannot do. This is
the settled law of the state. In this case, we are not dealing
with assets of the decedent within this jurisdiction which
can be administered by an ancillary administrator. The
present action was brought on a judgment obtained by the
plaintiff in Ohio, the domicile of the decedent, on a claim
against the defendant who appeared and resisted a recov-
ery. The situs of the judgment was in Ohio, and it was an
asset of decedent's estate in Ohio and not in Pennsylvania:
Viosca's Est., 197 Pa. 280, 287; Arizona Cattle Co. v.
Huber, 4 Ariz. 69; Attorney General v. Bouwens, 4 Mees.
& W. 171. As said by WOODWARD, J., in Moore v. Fields,
42 Pa. 467, 472, an action brought here by a foreign ad-
ministrator on a decree obtained in another state: "That
money was never subject to administration in Pennsyl-
vania. It was an administered fund before it was brought
here." The suit in Ohio was brought to enforce the pay-
ment of a claim for money placed in the hands of the
defendant by the decedent in his lifetime and to be sub-
sequently accounted for to the decedent, and was not
brought to recover specific securities of the decedent's
estate in this jurisdiction in the possession of the de-
fendant, a resident of this state. The debt was merged in
the judgment which belonged to the administrator per-
sonally, subject to the duty to account to the estate of
the decedent in the state of the latter's domicile. He
holds the legal title, subject only to his trust as adminis-
trator: 1 Freeman on Judgments (4th ed.), sec. 217.
He is fixed for the amount of the judgment and can only
relieve himself by showing that he exercised reasonable
diligence to recover it. It is his duty to pursue the judg-
ment debtor wherever he may be found, if, by doing so,
payment may be enforced. The domiciliary administra-
tor may therefore sue in his own name in another state on

a judgment recovered by him in his representative charac-
ter in the state of the domicile: 1 Freeman on Judgments
(4th ed.), sec. 217; 2 Wharton, Conflict of Laws (3d ed.),
sec. 615½; 18 Cyclopedia of Law, 1239, and cases cited
in the notes. The administrator sues as an individual and
not in a representative capacity; and, it may be added,
that he may bring a transitory action in any state where
the defendant may be found and on service of its proc-
ess the court will acquire jurisdiction regardless of where
the cause of action arose: Alley v. Caspari, 80 Me. 234;
6 Am. St. Repr. 178; Fisher v. Fielding, 67 Conn. 91; 52
Am. St. Repr. 270; Mowry v. Chase, 100 Mass. 79. Judge
FREEMAN says (sec. 217): "He (the domiciliary adminis-
trator) may sue upon the judgment in his own name, with-
out describing himself as administrator, and may there-
fore pursue the judgment defendant, by action on the
judgment, in a different state from that in which the letters
of administration were issued; and there can scarcely be a
doubt that a judgment rendered in favor of an adminis-
trator so merges the debt that it may be treated as his
personal effects so far as to authorize him to maintain
suit thereon in a foreign country, without there taking out
letters of administration." Moore v. Fields, supra, was
an action of debt brought in the district court of Phila-
delphia by the public administrator of the city of New
York on the record of a decree entered by the surrogate's
court of New York. After saying that the decree, unap-
pealed from, was conclusive between the parties, WOOD-
WARD, J., delivering the opinion, continued (p. 472): "It
is of no moment that he is called administrator in the
surrogate's record. Had he been called trustee for cred-
itors and heirs or had no title whatever been given him,
his right to recover in our courts upon such a record would
have been the same as it is now. A judicial decree that
a man receive a certain sum of money from defendants,
who were duly warned and fairly subject to the jurisdic-
tion, entitles him to sue for it in a Pennsylvania court,
with or without his official title."

The ancillary administrator cannot sue on the judgment or for the debt, as he is not a party to the judgment nor in privity with the foreign administrator: Talmage *v.* Chapel, 16 Mass. 71. "An administrator under grant of administration in one state," says GRIER, J., in Stacy v. Thrasher, 47 U. S. 44, 59, "stands in none of these relations to an administrator in another. Each is privy to the testator, and would be estopped by a judgment against him, but they have no privity with each other, in law or in estate. They receive their authority from different sovereignties, and over different property. The authority of each is paramount to the other." The same principle is recognized and applied in Brodie v. Bickley, 2 Rawle, 431, 437; Lewis v. Adams, 70 Cal. 403; 59 Am. Rep. 423; and Arizona Cattle Company v. Huber, 4 Ariz. 69.

It is equally clear that the ancillary administrator cannot bring an action against the defendant in this jurisdiction to recover the original indebtedness. The suit in Ohio was brought by the domiciliary administrator to recover a money judgment in the court of common pleas, which had jurisdiction of the cause of action so far as the record discloses. The action was in personam and not in rem. The defendant voluntarily appeared and contested the merits of the plaintiff's right to recover, and therefore the court had jurisdiction of his person. The judgment is conclusive between the parties, Guthrie v. Lowry, 84 Pa. 533, and is a bar to another suit for the same cause of action. The debt was merged in the judgment which bars a new action, and the defendant can successfully interpose the judgment as a defense to a suit brought by the ancillary administrator.

There is no question of fraud in the case. The suit in Ohio was not brought to defeat the rights of Pennsylvania creditors to assets of the decedent in this state, but to assert a claim which was judicially determined to be legally due the plaintiff from the defendant. The domicile of the decedent being in Ohio, his administrator could lawfully sue in that state to recover the claim in question, and the

defendant having voluntarily appeared and contested the claim, he is concluded by the judgment of the Ohio court. It is not a fraud nor any evidence of fraud for a party to compel payment of a claim in a court of competent jurisdiction.

For the reasons stated, we are of opinion that the act of 1832 has no application to the facts of this case, and that the plaintiff can maintain the action on the Ohio judgment in this state. It is immaterial that he instituted the suit in his representative character as the domiciliary administrator of the decedent. The proper parties are on the record, and his official title is surplusage and may be disregarded: 2 Wharton, Conflict of Laws (3d ed.), sec. 615½.

The judgment is affirmed.